LARRY WAYNE HONEYCUTT v. STEVEN TED BESS AND UNITED PARCEL SERVICE, INC.

No. 7919SC241

(Filed 20 November 1979)

1. **Automobiles § 59.1— entering highway — stalled vehicle — speeding oncoming vehicle — sufficiency of evidence of negligence**

In an action to recover for injuries sustained in an automobile accident, evidence that plaintiff's truck was stalled in an intersection for 8 to 10 seconds before it was hit by defendant's van, testimony that the gearshift lever of plaintiff's truck was in park immediately after the accident, and testimony that defendant was speeding was competent evidence of actionable negligence, and the trial court did not err in denying a directed verdict for defendant.

2. **Automobiles § 89.1— intersection accident — last clear chance — sufficiency of evidence**

Evidence was sufficient to submit an issue of last clear chance to the jury where it tended to show that defendant's van was some 1500 feet away when plaintiff's truck began to cross the intersection; there were no obstructions to

Honeycutt v. Bess

defendant's view of the truck; plaintiff was stalled in defendant's lane for 8 to 10 seconds before the collision; and there was no traffic coming toward defendant in the other lane.

**3. Automobiles § 90.15— last clear chance—instructions adequate**
    The trial court's omission of the phrase "from which he could not remove himself by the exercise of reasonable care" in the reiteration of the elements of the doctrine of last clear chance, after a correct and complete enumeration of the elements initially, was not sufficiently prejudicial to require a new trial.

APPEAL by defendants from *Davis, Judge.* Judgment entered 27 October 1978 in Superior Court, CABARRUS County. Heard in the Court of Appeals 26 October 1979.

Plaintiff seeks to recover for injuries he received in a collision between his pickup truck and defendant's van. The accident occurred at the intersection of Old Charlotte Road, which runs north and south, and Highway 49, which runs east and west. The road is controlled by stop signs and a blinking red light, and the highway by a blinking yellow light. Some distance before the intersection on the highway there are intersection warning signs recommending a speed of 45 m.p.h. Highway Patrolman Morton, who was called to the accident scene, testified that the intersection was visible from the east for approximately two- to three-tenths of a mile. When Morton arrived at the accident location he found the two vehicles on the western edge of the intersection, the plaintiff's pickup truck in the side ditch facing north and the front of defendant's UPS van against the pickup truck and facing generally west, diagonally across the intersection. The front end of the UPS van had struck the pickup truck at the back of the cab. The van had made 38 feet of skid marks east of the intersection. These marks ended before they got to the center of the intersection, and were entirely in the westbound lane in a straight line.

The plaintiff testified that at about 5:45 p.m. on the day of the accident he approached the intersection traveling north on Old Charlotte Road. He stopped at the stop sign and saw defendant's truck headed toward him about 1500 feet east of the intersection. Plaintiff stepped on the gas to cross the highway, and his truck backfired and cut off. The truck continued rolling until it was completely blocking the westbound lane of the highway. Plaintiff put the truck in park and after 8 to 10 seconds managed

to restart it. The last thing he can remember is reaching for the gearshift to put the truck in drive.

Harry Boone, who was following plaintiff in another pickup, testified that he saw the plaintiff's vehicle coast out into the highway and stop. The UPS van was 900 yards away when plaintiff's vehicle stopped, and in Boone's opinion the van was traveling around 60 m.p.h. Plaintiff was stopped in the highway for 8 to 10 seconds before the collision occurred. Ira Shoe, who went to the scene of the accident after plaintiff was removed from his vehicle, testified over objection that the gearshift of plaintiff's automatic transmission truck was in park. Boone also saw, after plaintiff had been removed, that the gearshift was in park. Plaintiff's wife testified that defendant came up to her at the hospital and said, "I'm sorry, the sun was in my eyes." At the close of plaintiff's evidence defendants moved for a directed verdict, which was denied.

Defendant presented the deposition of Eddie Rowe, who at the time of the accident was stopped at the intersection on Old Charlotte Road, heading south. He saw plaintiff's truck coming across the highway very slowly, and from the time it began to cross the highway until the accident happened the truck did not stop at any time.

Defendant testified that on the day of the accident he was traveling west on Highway 49. He was first able to see the intersection about two-tenths of a mile before he got to it, and he saw plaintiff pull up to the stop sign. When defendant was 400 or 500 feet from the intersection he was traveling 45 m.p.h. He had just shifted into high gear, which was possible in the van at 41-43 m.p.h. When defendant was 100 feet from the intersection, traveling at 45 m.p.h., plaintiff started to pull out in front of him. Defendant immediately applied his brakes, but could not avoid the collision. After plaintiff's truck began to enter the intersection it did not stop at any time; it just moved at a slow rate of speed. As defendant approached the intersection the sun was low in the sky and was partially blocked by trees, so it did not affect his ability to see. He did not talk with plaintiff's wife at the hospital or elsewhere.

At the close of the evidence defendants renewed their motion for a directed verdict, which again was denied. The jury found

that defendant was negligent, that plaintiff was contributorily negligent, and that defendant had the last clear chance to avoid the accident. Plaintiff was awarded $8,000 and defendants appealed.

*Thomas M. Grady and M. Slate Tuttle, Jr., for plaintiff appellee.*

*James P. Crews and Robert L. Burchette for defendant appellants.*

ARNOLD, Judge.

[1] Defendants first argue that they were entitled to a directed verdict because plaintiff presented no competent evidence of actionable negligence. It is their opinion that the only evidence of negligence was the testimony of plaintiff and Harry Boone that plaintiff's truck was stalled in the intersection for some 8 to 10 seconds before it was hit and Boone's testimony that defendant was speeding, and defendant argues that this testimony is "without probative value." We are unpersuaded, however, by defendants' argument that the "physical facts and the immutable laws of physics" show that the pickup truck had to have been in motion from the van's left to its right at the moment of impact. A number of other explanations are possible for the fact that the two vehicles, having collided, did not proceed in a straight line but veered off to the right. This is a distinctly different situation from those in the cases cited by defendants for the proposition that "physical facts speak louder than words." See *Mayberry v. Allred*, 263 N.C. 780, 140 S.E. 2d 406 (1965); *State v. Becker*, 241 N.C. 321, 85 S.E. 2d 327 (1955); *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 35 S.E. 2d 337 (1945).

Defendants argue further that there is no probative value in the testimony of Boone and Ira Shoe that after plaintiff was removed from his wrecked truck they observed that the gearshift lever was in park, since, defendants argue, many people had access to the lever and ample reason to move it in trying to extricate plaintiff before the witnesses observed it. We find that this affects only the weight to be given the testimony, and not its admissibility. Moreover, there is other evidence that plaintiff's truck was stopped at the intersection at the time of the collision.

Nor is there merit in defendants' argument that Boone had insufficient opportunity to observe the speed of the oncoming van to make his opinion as to its speed competent. The cases relied upon by defendants are distinguishable upon their facts. See *Key v. Woodlief,* 258 N.C. 291, 128 S.E. 2d 567 (1962); *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821 (1956); *Johnson v. Douglas,* 6 N.C. App. 109, 169 S.E. 2d 505 (1969).

[2] Defendants next argue that they were entitled to a directed verdict because plaintiff's testimony showed that he was contributorily negligent as a matter of law, and upon the evidence the doctrine of last clear chance did not apply. (See *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968) for an analysis of the doctrine.) Defendants attempt to distinguish the case of *Cockrell v. Cromartie Transport Co.,* 295 N.C. 444, 245 S.E. 2d 497 (1978), but we find that that case is not distinguishable, and that it controls our decision on this point.

In *Cockrell* the Supreme Court found reversible error in the court's refusal to give a jury instruction upon the doctrine of last clear change. The evidence in *Cockrell,* viewed in the light most favorable to the plaintiff there, showed that plaintiff's intestate was driving north on Highway 421, and that when she attempted to make a left turn across the highway her car's engine stalled and the left front of the car drifted across into the southbound lane, where it was struck by a truck driven by defendant. Defendant had been traveling south on Highway 421, and the configuration of the road was such that the deceased's vehicle would have been visible to him 1300 or 1400 feet away. A passenger in deceased's car testified that defendant had not yet come into view when deceased began to make her turn. On these facts the court held that the jury, properly instructed, could have found that the defendant could have avoided the collision by stopping or driving around the car, or that he could have avoided the car if he had not failed to maintain a proper lookout. In the present case the evidence taken in the light most favorable to the plaintiff is very similar: defendant's van was some 1500 feet away when plaintiff's truck began to cross the intersection, and there were no obstructions to defendant's view of the truck. Plaintiff was stalled in defendant's lane for 8 to 10 seconds before the collision. There was no traffic coming toward defendant in the other lane. Upon these facts we find that a jury instruction on last clear chance

was proper. Defendants have argued vehemently that the plaintiff had ample opportunity to escape from his peril, but it is a question for the jury whether the plaintiff could have escaped from his peril by the exercise of reasonable care.

[3]   This brings us to defendants' argument that the trial court instructed incorrectly on last clear chance. As defendants point out, one element of a finding that a defendant had the last clear chance to avoid an accident is that the plaintiff was in a position of peril from which he could not escape by the exercise of reasonable care. *Wade v. Jones Sausage Co.*, 239 N.C. 524, 80 S.E. 2d 150 (1954). The trial court here charged the jury on last clear chance as follows:

> The burden of proof on this issue is on the plaintiff and to justify an answer in his favor, the plaintiff must prove by the greater weight of the evidence, the following three things: First, that the plaintiff was in a position of peril from which he could not remove himself by the exercise of reasonable care. Second, that thereafter, the defendant discovered or became aware of plaintiff's position and peril of the plaintiff's incapacity to escape and the defendant had time and means to avoid injury to the plaintiff by the exercise of reasonable care after he discovered or should have discovered the plaintiff's perilous position, and the plaintiff's incapacity to escape from it or in the exercise of reasonable care should have done so, and had the time and means to avoid the injury, but negligently failed to exercise ordinary care to do so. Third, that such failure proximately caused the plaintiff's injury; that the defendant negligently failed to use the available time and means to avoid injury to the endangered plaintiff, for that reason, struck and injured the plaintiff. Finally, as to this last clear chance issue, I instruct you that if the plaintiff has proved and by the greater weight of the evidence, that the plaintiff was in a position of peril, that the defendant Steven Bess, thereafter, discovered or became aware of or in the exercise of reasonable care should have discovered or became aware of plaintiff's position of peril and had or by the exercise of reasonable care, should have had the time and means to avoid the plaintiff's injury, but negligently failed to do so, and that such failure proximately caused the plaintiff's

injury, then it would be your duty to answer this issue, yes, in favor of the plaintiff.

We do not find that the trial court's omission of the phrase "from which he could not remove himself by the exercise of reasonable care" in the reiteration of the elements of the doctrine, after a correct and complete enumeration of the elements initially, was sufficiently prejudicial to require a new trial.

Defendants' motions for directed verdict were properly denied, and no prejudicial error occurred in the trial.

No error.

Judges WEBB and WELLS concur.