DEBBIE GAIL FRYE v. LLOYD ANDERSON

No. 8620DC1170

(Filed 2 June 1987)

1. **Automobiles and Other Vehicles § 55.2— driving without lights—insufficiency of evidence of contributory negligence**

In an action involving allegedly negligent operation of an automobile, the trial court did not err in denying plaintiff's motion for a directed verdict on defendant's counterclaim based on defendant's contributory negligence, where plaintiff pointed to testimony by defendant's eyewitness that he could see plaintiff's car approaching even though the headlights were not on, but this was not conclusive evidence that defendant was contributorily negligent because the witness was standing 25 yards away from defendant's vehicle and therefore did not have the same vantage point as defendant.

2. **Witnesses § 8.2— negligent operation of vehicle—cross-examination of driver as to unrelated misconduct**

In a negligence action arising from an automobile accident, the trial court erred in allowing defendant's attorney to cross-examine plaintiff about her alleged possession of a stolen VCR. N.C.G.S. § 8C-1, Rules 608 and 609.

APPEAL by defendant from *Beale, Judge.* Order entered 22 May 1986 in District Court, ANSON County. Heard in the Court of Appeals 7 April 1987.

Plaintiff and defendant were involved in an automobile collision. Plaintiff filed this action against defendant and defendant filed a counterclaim. The case was tried before a jury which returned a verdict for defendant. Plaintiff moved for a new trial. The trial judge set aside the verdict and granted plaintiff's motion. From the order of the trial court, defendant appeals and plaintiff cross-appeals.

*Leath, Bynum, Kitchin & Neal, by Stephan R. Futrell, for plaintiff appellee.*

*Henry T. Drake for defendant appellant.*

ARNOLD, Judge.

In the order setting aside the verdict and granting a new trial, the trial court concluded "as a matter of law that the plaintiff should receive a new trial pursuant to Rule 50 [sic] (a)(1)(2)(6) and (7) of the North Carolina Rules of Civil Procedure." The refer-

ence to Rule 50 is a typographical error and the trial court meant to refer to Rule 59 since the latter deals with new trials. Rule 59(a) states in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> (1) Any irregularity by which any party was prevented from having a fair trial;
>
> (2) Misconduct of the jury or prevailing party;
>
> . . . .
>
> (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
>
> (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law.

G.S. 1A-1, Rule 59(a).

Defendant contends (1) that the trial court erred in making findings of fact that are not supported by evidence in the record and (2) that the trial court erred in setting aside the verdict and granting a new trial.

A motion under section (a) of Rule 59 is addressed to the sound discretion of the trial judge. *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). A ruling in the discretion of the trial judge raises no question of law. *Bryant v. Nationwide Mut. Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985). Although the order in the case *sub judice* states that plaintiff should receive a new trial "as a matter of law," the order was in fact an exercise of the trial judge's discretion under Rule 59(a).

> It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge.

*Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E. 2d 599, 602 (1982). "The standard for review of a trial court's discretionary

ruling either granting or denying a motion to set aside a verdict and order a new trial is virtually prohibitive of appellate intervention." *Pearce v. Fletcher*, 74 N.C. App. 543, 544, 328 S.E. 2d 889, 890 (1985). "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Worthington*, 305 N.C. at 487, 290 S.E. 2d at 605.

A review of the record in the present case indicates no abuse of discretion by the trial judge. Additionally, the trial court's findings of fact in the order are amply supported by evidence in the record. Therefore, the order of the trial court which sets aside the verdict and grants a new trial is affirmed.

[1]  Plaintiff assigns error on cross-appeal to the trial court's refusal to grant her motion for a directed verdict on defendant's counterclaim. She argues that the evidence established that defendant was contributorily negligent.

A trial court should grant a directed verdict on the ground of contributory negligence when the evidence establishes the non-movant's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *See Brown v. Hale*, 263 N.C. 176, 139 S.E. 2d 210 (1964).

Plaintiff points to evidence that defendant entered the highway from a private driveway and testimony from defendant's witness, George Rising, that he could see plaintiff's car approaching even though the headlights were not on. This evidence is not conclusive that defendant was contributorily negligent. Rising did not have the same vantage point as defendant since he was standing about 25 yards away from defendant's vehicle. The police officer who investigated the accident testified that it was dark and that headlights "would have been required." The trial court did not err in denying plaintiff's motion for a directed verdict.

[2]  Plaintiff also contends that the trial court erred in permitting defendant's attorney to cross-examine her about alleged possession of a stolen video cassette recorder (VCR).

In response to questions regarding a stolen VCR, plaintiff stated that she did not know if it was stolen or not. Since plaintiff

was not convicted of possessing stolen property, these questions were not admissible under G.S. 8C-1, Rule 609. Likewise, these questions were not admissible under G.S. 8C-1, Rule 608 since the possession of a VCR that plaintiff did not know to be stolen is not a "bad act" probative of truthfulness or untruthfulness. *See* 1 H. Brandis, *Brandis on North Carolina Evidence*, § 111 (2d rev. ed. 1982). Thus, the trial court erred in allowing defendant's attorney to cross-examine plaintiff about the VCR.

We are not persuaded by plaintiff's remaining assignments of error. The order of the trial court is

Affirmed.

Judges WELLS and ORR concur.