LINDA FULLER McFETTERS v. RICHARD WAYNE McFETTERS, DAVID MARSHALL McDARIS AND JAMES C. RICE, JR.

No. 8918SC161

(Filed 17 April 1990)

1. **Automobiles and Other Vehicles § 47.3 (NCI3d) — automobile accident — directed verdict based on physical facts — more than one explanation — error**

    The trial court erred in an action arising from an automobile accident by directing verdict for defendants on defendant driver's negligence where defendants' milk truck was traveling on the dominant highway through a "T" intersection controlled by a stop sign on the servient highway; plaintiff's car pulled into the dominant highway and stopped; occupants of plaintiff's car testified that defendant driver was traveling at a speed exceeding posted speed limits; and defendant argued that it was physically impossible for defendant to have been traveling at that speed based on the distance traveled after the collision. In light of evidence that defendant slowed and veered after

seeing plaintiff's car, that the impact between the two vehicles was not devastating to either vehicle and the only injuries were a split lip and injured ankle, and plaintiff's testimony that defendant was traveling in excess of the speed limit at the time it appeared over the crest of a hill, there was more than one reasonable explanation for the short distance the vehicles traveled after impact.

**Am Jur 2d, Automobiles and Highway Traffic §§ 1098, 1099.**

2. **Automobiles and Other Vehicles § 95.2 (NCI3d) — automobile accident — driver with learner's permit — control of vehicle — directed verdict for defendant erroneous**

The trial court erred by directing a verdict for defendants in an automobile accident case in which defendants raised contributory negligence where plaintiff was injured while riding in the front passenger seat with her fifteen-year-old son driving; her son was operating the vehicle pursuant to a learner's permit; N.C.G.S. § 20-11(b) creates a presumption that the statutorily approved person occupying the front passenger seat has the right to control and direct the operation of the vehicle; the facts of this case create the conflicting presumption that the owner of the vehicle (plaintiff's husband) who was a passenger in the vehicle had the right to control and direct its operation; the conflicting presumptions are irreconcilable; identical policy considerations support each presumption; the person who actually exercised control over the son's driving should bear responsibility for that driving; and all of the evidence was that plaintiff's husband rather than plaintiff exercised control over their son's driving.

**Am Jur 2d, Automobiles and Highway Traffic §§ 1098, 1099.**

APPEAL by plaintiff from judgment entered 6 October 1988 by *Judge Carlton E. Fellers* in GUILFORD County Superior Court. Heard in the Court of Appeals 14 September 1989.

*Robert S. Cahoon for plaintiff-appellant.*

*Frazier, Frazier & Mahler, by Harold C. Mahler and James D. McKinney, for defendant-appellees.*

McFETTERS v. McFETTERS

[98 N.C. App. 187 (1990)]

GREENE, Judge.

Plaintiff appeals the trial court's directed verdict for defendants at the close of plaintiff's evidence in a motor vehicle collision personal-injury suit.

The evidence in the light most favorable to plaintiff shows that plaintiff was a front-seat passenger in a station wagon car driven by her 15-year-old son, Scott. Plaintiff later dismissed suit against her husband, but original defendants were plaintiff's husband, Richard McFetters ("Richard"), the driver of the milk truck with which plaintiff's car collided, David M. McDaris ("McDaris"), and the owner of the company employing McDaris, James C. Rice Jr. ("Rice"). A "learner's permit" authorized Scott to drive the car, subject to a licensed driver's oversight. The evidence tends to show that plaintiff, Richard, her son Scott, and another son were riding in the car together. Richard owned the car and was also owner of a landscaping business. On the day of the collision, Richard and Scott were on their way to inspect landscaping materials for a future job. Plaintiff had joined Richard and Scott on their business trip so that she could visit relatives in the area. Plaintiff and her other son had joined Scott and Richard for breakfast, and were riding with Richard and Scott. Plaintiff's family began the trip with Richard driving and plaintiff riding in the back seat. Plaintiff became carsick. Richard stopped the car at a convenience store to buy plaintiff a soft drink, told plaintiff to ride in the front seat, and asked Scott to drive. Richard, Scott and plaintiff testified that Richard was in charge of the car, and actually directed Scott in his driving.

After Scott began driving, the car traveled approximately three miles, approached and stopped at a stop sign controlling a T-shaped intersection. The servient highway connected with the dominant highway at an angle. Another car was already at the intersection, and it pulled away from the intersection ahead of plaintiff's car. Scott intended to turn left onto the dominant highway perpendicular to the servient highway on which the car approached the intersection. McDaris was driving a fully-loaded milk tanker-truck which approached the intersection from the left arm of the "T" intersection. Scott looked right and left at the intersection, saw no approaching vehicle, drove the car into the truck's lane of travel. After plaintiff's car entered the dominant highway, Richard saw defendant's truck crest a hill some 250 feet away and yelled for

McFETTERS v. McFETTERS

[98 N.C. App. 187 (1990)]

Scott to stop the vehicle. Scott stopped the vehicle in the truck's lane of travel after traveling five feet. The posted speed limit was 20 miles per hour at the crest of the hill, pursuant to a road sign alerting dominant highway travelers that the intersection lay ahead. The posted speed limit on the dominant highway between the crest of the hill and the intersection was 45 miles per hour. Richard and Scott testified that the truck appeared on the dominant highway moving northward toward the car at a speed of 50 miles per hour. McDaris testified that he was unaware that the speed limit was 20 miles per hour at the crest of the hill, first admitted that he stated that he was traveling at 45 miles per hour, then stated that he was unaware of his speed prior to the collision. McDaris saw another, brown, car turn left from the intersection, and he braked momentarily, but did not see plaintiff's car pull into his lane of travel until approximately twenty-five feet before colliding with it as it sat in the truck's lane. Just before the collision, McDaris looked to the other lane of travel, braked, and swerved toward the stopped car. The collision occurred in the truck's lane of travel. No traffic approached on the opposite lane that would have prevented the truck from entering the other lane of traffic to avoid the automobile. Plaintiff gave evidence showing that the car caught the corner of the truck's bumper, and both vehicles came to rest astride the centerline of the highway, approximately 30 feet from impact. The car was damaged in the front and left front panels.

Plaintiff was injured in the collision and brought suit against Richard, McDaris and Rice. Scott also suffered a split lip in the collision, but did not file suit. No one else was injured. Plaintiff alleged that McDaris was negligent in failing to keep a proper lookout, failing to reduce his speed to avoid the collision, failing to keep the truck under control, driving at a speed exceeding the posted speed limit and greater than was reasonable and prudent under existing conditions. Defendants answered, denying plaintiff's allegations, alleging that Scott was contributorily negligent, and that Scott's negligence was imputed to plaintiff. At the close of her evidence, plaintiff voluntarily dismissed her suit against Richard. Defendants McDaris and Rice moved for directed verdict and the trial court entered directed verdict for defendants.

McFETTERS v. McFETTERS

[98 N.C. App. 187 (1990)]

The issues presented for our review are whether the trial court erred in directing verdict for defendants (I) on defendant's negligence and (II) on plaintiff's contributory negligence.

The purpose of a motion for directed verdict is to test the legal sufficiency of the evidence for submission to the jury and to support a verdict for the non-moving party. N.C.G.S. § 1A-1, Rule 50 (1989); *Eatman v. Bunn*, 72 N.C. App. 504, 506, 325 S.E.2d 50, 51 (1985). In deciding the motion, the trial court must treat non-movant's evidence as true, considering the evidence in the light most favorable to non-movant, and resolving all inconsistencies, contradictions and conflicts for non-movant, giving non-movant the benefit of all reasonable inferences drawn from the evidence. *Id.*, at 506, 325 S.E.2d at 51-52. Non-movant's evidence which raises a mere possibility or conjecture cannot defeat a motion for directed verdict. *Alston v. Herrick*, 76 N.C. App. 246, 249, 332 S.E.2d 720, 722, *affirmed*, 315 N.C. 386, 337 S.E.2d 851 (1986). If, however, non-movant shows more than a scintilla of evidence, the court must deny the motion. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). Grant of motion for directed verdict in negligence cases is rare; the issues "are ordinarily not susceptible of summary adjudication because application of the prudent man test, or any other applicable standard of care, is generally for the jury." *Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987). "A verdict may never be directed when there is conflicting evidence on contested issues of fact." *DeHart v. R/S Financial Corp.*, 78 N.C. App. 93, 98, 337 S.E.2d 94, 98, *cert. denied*, 316 N.C. 376, 342 S.E.2d 893 (1986) (citation omitted).

I

Defendant's Negligence

[1] A driver on a dominant highway favored by a stop sign does not have an absolute right-of-way over cars approaching from the intersecting servient highway. *Primm v. King*, 249 N.C. 228, 234, 106 S.E.2d 223, 228 (1958). The driver on such a dominant highway has a duty to exercise ordinary care in (1) driving at a speed no greater than is reasonable and prudent under existing conditions, (2) keeping his vehicle under control, (3) keeping a reasonably careful lookout, and (4) after he discovers or should have discovered the danger of a collision, taking the action an ordinarily prudent person would take to avoid the collision. *Murrell v. Jennings*, 15 N.C. App. 658, 664, 190 S.E.2d 686, 690 (1972) (citation omitted).

If the driver fails to exercise such ordinary care, and the failure is a proximate cause of plaintiff's injury, the driver is liable to plaintiff. *Id.*, at 660, 190 S.E.2d at 687. Whether there has been compliance with each of these duties is an issue of fact for the jury. *Alston*, at 249, 332 S.E.2d at 722.

Regarding the vehicle's speed, defendant argues that despite Richard and McDaris's testimony that McDaris was exceeding the posted speed limits, it was physically impossible for the truck to have been traveling 50 miles per hour at the time of the collision because if so, the defendant's truck would have traveled substantially more than 30 feet after the collision.

When the physical laws of nature refute testimony as inherently impossible, no issue of fact exists, and the judge has the duty to take the case from the jury. *Jones v. Schaeffer*, 252 N.C. 368, 378, 114 S.E.2d 105, 112 (1960) (citation omitted). In a motion for directed verdict against plaintiff, only if plaintiff's uncontradicted evidence shows that physical facts irreconcilably conflict with plaintiff's evidence is a trial judge warranted in taking the case from the jury. *Id.* When defendant asserts post-collision physical evidence such as stopping distances to show the impossibility of plaintiff's testimony evidence, the physical evidence must have only one possible explanation, which is inconsistent with the testimony. *Honeycutt v. Bess*, 43 N.C. App. 684, 687, 259 S.E.2d 798, 800 (1979). If a number of explanations for the physical evidence are possible, the jury must determine which explanation applies. *Id.*

Defendant asserts that the post-collision physical evidence shows conclusively only that the truck must have been traveling at a lower speed. We disagree. First, defendant's assertion is based on defendant's assumption that plaintiff's testimony was that the truck was traveling at 50 miles per hour *when the collision occurred*, so that it was physically impossible for the truck to stop 30 feet after impact. Plaintiff's testimony was that the truck was traveling in excess of the speed limit *at the time it appeared* on the dominant highway coming over the crest of the hill, and after Scott had attempted to cross the dominant highway. The plaintiff did not offer evidence nor does she now contend, that defendant collided with plaintiff traveling at speed of 50 miles per hour. Second, McDaris's testimony was that he braked and somewhat slowed the truck after seeing the car and before the collision. This testimony is consistent with the rest of the testimony

McFETTERS v. McFETTERS

[98 N.C. App. 187 (1990)]

inferring the truck's lessened speed before impact: the impact be-
tween the two vehicles was not devastating to either vehicle, and
the only injuries resulting from the impact were Scott's split lip
and plaintiff's injured ankle. Third, other physical evidence shows
that the car and truck did not collide on the perpendicular because
McDaris "veered" his steering and because the car started off
from the stop sign at an angle away from the truck. In light of
this evidence, more than one reasonable explanation exists for the
relatively short distance which the vehicles traveled after impact.

We conclude from the evidence that the question of defendant's
speed, failure to keep a proper lookout, maintain control of the
truck and avoid the collision are factual issues for the jury to
resolve and directed verdict was improvidently entered.

II

Plaintiff's Contributory Negligence

[2] Since defendants plead plaintiff's contributory negligence as
a defense, they have the burden of proof on the issue, and since
they have offered no evidence, a directed verdict for defendants
based on plaintiff's contributory negligence is appropriate only when
there are no genuine issues of fact, W. Shuford, *North Carolina
Civil Practice and Procedure* § 50-6 (3d ed. 1988), and "non-movant's
contributory negligence [is so clearly established] that no other
reasonable inference or conclusion may be drawn therefrom." *Frye
v. Anderson*, 86 N.C. App. 94, 96, 356 S.E.2d 370, 372, *review
denied*, 320 N.C. 791, 361 S.E.2d 74 (1987).

Defendants contend they are entitled to a directed verdict
on plaintiff's contributory negligence on the grounds that the plain-
tiff's own evidence undisputably shows that plaintiff was in control
of the operation of the vehicle and that the vehicle was operated
in a negligent manner. While we agree with the defendants that
any negligence imputed to the plaintiff would bar her recovery
against the defendants, the evidence in this case does not impute
Scott's negligence to plaintiff as a matter of law. *See Etheridge
v. Norfolk-Southern Ry. Co.*, 7 N.C. App. 140, 145, 171 S.E.2d 459,
463 (1970) (imputed negligence bars recovery).

Scott, the driver of the vehicle, was operating the vehicle
pursuant to a 'learner's permit' issued by the Department of Motor
Vehicles, which authorized him to operate a motor vehicle when
accompanied by a "parent, guardian or other person approved by

the Department of Motor Vehicles . . . who is actually occupying a seat beside the driver . . ." N.C.G.S. § 20-11(b) (1988). Section 20-11(b) creates a presumption that the statutorily approved person occupying the front passenger seat has the right to control and direct the operation of the vehicle. However, the facts of this case also implicate a conflicting presumption, the rule of law that the owner of a vehicle who is a passenger in the vehicle has the right to control and direct its operation unless he or she relinquishes that right. *Shoe v. Hood*, 251 N.C. 719, 723, 112 S.E.2d 543, 547 (1960).

Since these conflicting presumptions are irreconcilable when they arise in the same case, we view the presumptions in light of "weightier considerations of policy" to determine whether either or neither of the presumptions shall operate. *See* 2 Brandis on North Carolina Evidence § 221, fn. 55 (3rd. ed. 1988) (citation omitted). Here, the effect of the presumptions is not merely distribution of evidentiary burdens, it is to ensure oversight of operation of the vehicle by logical assignment of responsibility for the driver's negligent acts. We determine that identical policy considerations support each presumption, so that neither presumption outweighs the other. *Id*. However, our determination that the presumptions are of equal weight does not affect the existence of both adult passengers' rights to control Scott's driving, properly derived from different rules of law. Based on plaintiff's and Richard's equal rights to control Scott's operation of the vehicle, we determine that the person who actually exercised her or his right to control Scott's driving should bear responsibility for Scott's driving.

On the question of control, all of the evidence adduced at trial shows that Richard, not plaintiff, exercised his right to control Scott's driving. Plaintiff, Richard and Scott each testified that Richard was in control of Scott's operation of the vehicle, that Richard requested Scott to drive the vehicle and that Richard gave Scott directions while Scott was operating the vehicle. Furthermore, plaintiff was riding in the front seat only because she became ill and was unable to ride in the back seat. Accordingly, even if we assume that Scott was negligent, defendants were not entitled to a directed verdict on this issue because there is no evidence that plaintiff actually controlled operation of the vehicle.

In summary, the judgment of the trial court directing verdict for defendants and dismissing the complaint is vacated and the case is remanded for new trial.

MOUNTAIN FED. LAND BANK v. FIRST UNION NAT. BANK

[98 N.C. App. 195 (1990)]

New trial.

Judges JOHNSON and EAGLES concur.