STANFIELD v. TILGHMAN

[117 N.C. App. 292 (1994)]

━━━━━━━━━

MARY C. STANFIELD v. N. JOHNSON TILGHMAN as Guardian ad Litem for ROBERT LOUIS STANFIELD

No. 9311SC1072

(Filed 6 December 1994)

**Automobiles and Other Vehicles § 460 (NCI4th)— negligence of minor driver imputed to defendant mother**

Plaintiff mother, a licensed driver who was sitting in the front passenger seat, had the right to control her minor son's operation of the car under a learner's permit and should therefore bear the responsibility for his driving; therefore, any negligence of plaintiff driver was imputed to defendant mother, and it was immaterial that plaintiff did not give defendant any instructions or commands regarding his driving. N.C.G.S. § 20-11(b).

**Am Jur 2d, Automobiles and Highway Traffic §§ 746 et seq.**

Appeal by plaintiff from judgment entered 22 July 1993 by Judge Narley J. Cashwell in Harnett County Superior Court. Heard in the Court of Appeals 26 May 1994.

**STANFIELD v. TILGHMAN**

· [117 N.C. App. 292 (1994)]

On 2 December 1992, plaintiff filed suit against Robert Louis Stanfield (defendant), a 15-year-old minor, through his guardian *ad litem,* N. Johnson Tilghman, seeking to recover damages for injuries she suffered due to defendant's allegedly negligent operation of an automobile in which she was a front seat passenger. Defendant answered, asserting, among other things, that plaintiff was contributorily negligent. A jury trial of the action began on 15 July 1993. At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that under N.C. Gen. Stat. § 20-11(b) (1993), the minor defendant's negligence was imputed to plaintiff, barring her action as a matter of law. From the order granting defendant a directed verdict, plaintiff appeals.

*Bryan, Jones, Johnson & Snow, by James M. Johnson and Cecil B. Jones, for plaintiff-appellant.*

*Morgan & Reeves, by Robert B. Morgan and Margaret Morgan, for defendant-appellee.*

ARNOLD, Chief Judge.

The facts of this case are not in dispute. On 20 June 1992, plaintiff, a licensed driver, was riding as a passenger in the right front seat of a car owned by plaintiff's sister and driven by her son, the fifteen-year-old defendant. Defendant was driving under a State-issued learner's permit. The only other passenger in the car was defendant's younger sister, who was riding in the back seat.

At the time of the accident, defendant's car was approaching a left-hand curve on a rural unpaved road when it met a car proceeding in the opposite direction. Each car was in its own lane of travel. Defendant suddenly drove his car off the right shoulder, where it jumped a ditch and struck a tree head-on. Plaintiff was seriously injured in the collision. At no point during defendant's driving that day did plaintiff give defendant any instructions or commands regarding his driving.

Relying on one assignment of error, plaintiff argues only that the trial court misconstrued N.C.G.S. § 20-11(b) and this Court's opinion in *McFetters v. McFetters,* 98 N.C. App. 187, 390 S.E.2d 348, *disc. review denied,* 327 N.C. 140, 394 S.E.2d 177 (1990). Plaintiff contends that neither the statute nor the holding in *McFetters* precludes, as a matter of law, a parent who is occupying the seat beside the driver from recovering damages for personal injuries sustained as a result of the minor driver's negligent operation of the vehicle. We disagree.

STANFIELD v. TILGHMAN

[117 N.C. App. 292 (1994)]

A trial court may properly enter directed verdict on the ground of contributory negligence only "when the evidence establishes the non-movant's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Frye v. Anderson*, 86 N.C. App. 94, 96, 356 S.E.2d 370, 372, *disc. review denied*, 320 N.C. 791, 361 S.E.2d 74 (1987).

Defendant's learner's permit authorized him to drive when accompanied by a "parent, guardian, or other person approved by the Division [of Motor Vehicles] who is licensed to operate the motor vehicle being driven and is seated beside the permit holder." N.C.G.S. § 20-11(b). In *McFetters*, this Court held that section 20-11(b) "creates a presumption that the statutorily approved person occupying the front passenger seat has the right to control and direct the operation of the vehicle." 98 N.C. App. at 194, 390 S.E.2d at 352.

As in the instant case, the plaintiff's son in *McFetters* was driving a car pursuant to a learner's permit. In that case, however, the plaintiff was in the front seat only because she had become carsick in the back. The defendant's father, who was in the back seat at the time of the accident, was the one who actually directed the minor's driving. Thus, in *McFetters*, this Court faced irreconcilable presumptions: The general rule that the owner of a vehicle who is a passenger in that vehicle is presumed to have the right to control and direct its operation unless he relinquishes that right, *McFetters*, 98 N.C. App. at 194, 340 S.E.2d at 352 (citing *Shoe v. Hood*, 251 N.C. 719, 112 S.E.2d 543 (1960)), stood in direct conflict with the presumption created by section 20-11(b). Finding that the policy considerations for both presumptions were identical, the Court concluded that the person who actually exercised control should bear responsibility. *McFetters*, 98 N.C. App. at 194, 390 S.E.2d at 352. Thus, the minor's negligence was not imputed to the plaintiff mother, even though she was riding in the front seat. *Id.*

Having carefully reviewed the opinion in *McFetters*, we conclude that, but for the conflicting presumption of control created by the presence of the owner in the car, the negligence of the minor driver would have been imputed to the plaintiff mother, who was occupying the seat beside the driver. In this case, however, there is but one presumption of control. The only person present in the car who was approved by the State to supervise a minor driver was the plaintiff, who occupied the right front seat. Therefore, pursuant to *McFetters* and N.C.G.S. § 20-11(b), we presume that plaintiff had the right to

control and direct the operation of the vehicle, and we impute any negligence of the minor defendant to the plaintiff.

The fact that plaintiff did not give defendant any instructions or commands regarding his driving is immaterial. The crucial question is whether the plaintiff had the legal right to control the manner in which the automobile was being operated, not whether plaintiff ever actually exercised that right. *See Etheridge v. R. R. Co.*, 7 N.C. App. 140, 145, 171 S.E.2d 459, 462 (1970). Moreover, plaintiff has offered no evidence to show that any other person had the right to control the operation of the vehicle or that she relinquished it. *See Harper v. Harper*, 225 N.C. 260, 266, 34 S.E.2d 185, 190 (1945).

We conclude that plaintiff had the right to control the minor defendant's operation of the car and should, therefore, bear the responsibility for his driving. The court properly directed a verdict on this issue, and we, therefore, affirm the court's order.

Affirmed.

Judges MARTIN and JOHN concur.