Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission REVERSES and REMANDS the Decision and Order of the Deputy Commissioner and makes the following
FINDINGS OF FACT
1. The plaintiff in this case, while driving her private automobile, collided with a school bus at an intersection. Plaintiff claims the school bus entered the intersection against a red light, and the bus driver, Keith Edward Ellison, claims the plaintiff's automobile entered the intersection against a red light. Based upon the evaluation of the hearing Deputy, Mr., Ellison's account of the incident is deemed credible.
2. Defendant's bus driver testified that he was at a full stop, awaiting the green light, that he pulled into the intersection when the light turned green, striking "the very rear corner" of plaintiff's auto — at the left rear wheel, as illustrated by photos — but that before proceeding into the intersection, he had failed to look to his right or left and thus failed to see plaintiff coming.
3. Plaintiff testified that she did not know the bus was moving before her car was struck, At the point of impact, plaintiff was traveling at 35 m.p.h., and defendant's bus was moving of 10 m.p.h., after skidding 2.3 feet, as recorded in the police report of the accident. Plaintiff's negligent failure to obey the traffic signal placed her in a position of peril from which she could not then remove herself in the exercise of reasonable care, but defendant's school bus driver had the last clear chance to avoid the accident. In the exercise of reasonable care, the school bus driver should have looked to his left before entering the intersection. Had the school bus driver looked to his left before making his turn he would have seen plaintiff and been able to avoid the accident and damage to the plaintiff.
4. The hearing Deputy found that the credibility of the plaintiff was brought into question because of her demeanor as she testified, and her medical records; that objective results of plaintiff's physical examinations did not support her claims of extreme pain; and, that plaintiff's physicians expressed concern for her taking controlled medications. The hearing Deputy made no findings on damages, but in light of his first hand evaluation of the witnesses, he would be in the best position to do so.
*********
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
"Under the [State] Tort Claims Act, negligence, contributory negligence, and proximate cause . . . are to be determined under the some Rules as those applicable to litigation between private individuals." Barnes v. Highway Comm'n, 282 N.C. 278,192 S.E.2d 273 (1972). Plaintiffs' injuries and property loss were proximately caused by the negligence of the above-named school bus driver, in that he failed to look as he entered the intersection. Despite plaintiff's contributory negligence, the doctrine of last clear chance must be applied. Therefore plaintiff is entitled to an award in her favor, Honeycutt v. Bess, 43 N.C. App. 684, 688, 259 S.E.2d 798 (1979).
*********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. The Decision and Order of September 20, 1993 must, under the low, and hereby is REVERSED and REMANDED to the Deputy Commissioner for the purpose of determining the damages plaintiff suffered on account of the injuries and property loss as a proximate result of the negligence of the above-named employee of defendant.
2. Defendant shall bear the costs.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ FORREST H. SHUFORD II DEPUTY COMMISSIONER
S/ __________________ COY M. VANCE DEPUTY COMMISSIONER