MARY C. STANFIELD v. N. JOHNSON TILGHMAN, G/A/L FOR
ROBERT LOUIS STANFIELD

No. 16PA95

(Filed 8 December 1995)

**Automobiles and Other Vehicles § 460 (NCI4th)— automobile
accident—driver with learner's permit—liability of parent**

The trial court erred by granting a directed verdict for defendant in an action arising from an automobile collision where plaintiff was the front seat passenger in a car driven by defendant, her son, who had a learner's permit and who was operating the car under her supervision; defendant had driven some four miles before the accident without incident; plaintiff had not been required to correct his driving over those four miles; defendant approached a left-hand curve on the rural, unpaved road and met a car travelling towards him at a fast rate of speed; and defendant, without warning, suddenly drove the car off the right side of the road, jumped a ditch, sped up and traveled approximately two hundred feet before the car struck a tree. Although N.C.G.S. § 20-11(b) establishes a presumption of the right to control on the part of the supervising adult, this presumption does not translate into an irrebuttable presumption of control so as to impute negligence or establish contributory negligence as a matter of law without regard for exigent circumstances or general negligence principles and it cannot be said upon the facts here that plaintiff's contributory negligence was so clearly established that no other reasonable inference can be drawn from the evidence such that defendant was entitled to a directed verdict.

**Am Jur 2d, Automobiles and Highway Traffic §§ 568,
608, 635.**

**Automobile operator's inexperience or lack of skill as
affecting his liability to passenger. 43 ALR2d 1155.**

**Liability, for personal injury or property damage, for
negligence in teaching or supervision of learning driver. 5
ALR3d 271.**

**Student-driver's negligence as imputable to teacher-
passenger. 90 ALR3d 1329.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 117 N.C. App. 292, 450 S.E.2d 751 (1994), affirming a judgment granting defendant a directed verdict, entered by Cashwell, J., on 22 July 1993 in Superior Court, Harnett County. Heard in the Supreme Court 10 October 1995.

*Bryan, Jones, Johnson & Snow, by James M. Johnson and Cecil B. Jones, for plaintiff-appellant.*

*Morgan & Reeves, by Robert B. Morgan, Margaret Morgan, and Eric M. Reeves, for defendant-appellee.*

LAKE, Justice.

On 20 June 1992 at approximately 5:45 p.m., plaintiff, a licensed driver, was the front-seat passenger in a car owned by plaintiff's sister and driven by defendant, plaintiff's fifteen-year-old son. The only other passenger in the car, in addition to plaintiff and defendant, was plaintiff's minor daughter, who rode in the back seat. The defendant had been issued a valid learner's permit pursuant to N.C.G.S. § 20-11 and was operating the car under plaintiff's supervision as a licensed driver. As defendant approached a left-hand curve on a rural, unpaved road, he met a black car travelling towards him at a fast rate of speed. Defendant, without warning, suddenly drove the car off the right side of the road, jumped a ditch, sped up and traveled approximately two hundred feet before the car struck a tree. Plaintiff received serious injuries. Before the accident, defendant had driven some four miles without incident, properly observing all of the applicable rules of the road. Plaintiff, over the course of these four miles, was never required to correct defendant concerning his manner of driving.

Plaintiff filed a complaint on 2 December 1992 against her son, through his guardian *ad litem*, alleging she received personal injuries resulting from defendant's negligent operation of the car. In his answer, defendant asserted, in part, plaintiff's contributory negligence. This case was tried before a jury at the 12 July 1993 Civil Session of Superior Court, Harnett County, Judge Narley L. Cashwell presiding. At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that N.C.G.S. § 20-11(b) precluded, as a matter of law, plaintiff from maintaining her action against defendant. Judge Cashwell agreed and in a judgment entered 22 July 1993, directed a verdict in favor of defendant.

Plaintiff appealed to the Court of Appeals, which unanimously affirmed Judge Cashwell's grant of a directed verdict in favor of defendant. This Court granted plaintiff's petition for discretionary review on 9 February 1995, and for the reasons stated herein, we now reverse the Court of Appeals.

The sole issue presented to this Court is whether the negligence of a driver, operating an automobile under a valid learner's permit pursuant to N.C.G.S. § 20-11(b), must be imputed to the statutorily approved person who occupies the seat next to the permittee and who has the right to control and direct the permittee's operation of the car, thereby precluding, as a matter of law, the statutorily approved person from recovering damages for personal injuries sustained as a result of the permittee's sudden negligence. We answer this question in the negative.

In the case *sub judice*, the Court of Appeals affirmed the grant of the directed verdict in favor of defendant pursuant to N.C.G.S. § 20-11(b) and that court's case of *McFetters v. McFetters*, 98 N.C. App. 187, 390 S.E.2d 348, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 177 (1990). The applicable portions of N.C.G.S. § 20-11(b) in effect at the time of this accident provided:

> The limited learner's permit shall entitle the applicant, while having the permit in his immediate possession, to drive a motor vehicle of the specified type or class upon the highways while accompanied by a parent, guardian, or other person approved by the Division [of Motor Vehicles], who is licensed . . . to operate a motor vehicle . . . and who is actually occupying a seat beside the driver.

N.C.G.S. § 20-11(b) (1983).

In *McFetters*, the Court of Appeals held that N.C.G.S. § 20-11(b) "creates a presumption that the statutorily approved person occupying the front passenger seat has the right to control and direct the operation of the vehicle." *McFetters*, 98 N.C. App. at 194, 390 S.E.2d at 352. Thus, under such presumption, the court reasoned that any negligence of the permittee is to be imputed to the statutorily approved person occupying the seat next to the permittee.

*McFetters* presented the Court of Appeals with a fairly unusual fact situation. There, the plaintiff, who occupied the front seat of a car driven by her fifteen-year-old son pursuant to a learner's permit, was injured when the car was involved in an accident. She brought

suit alleging her injuries were the result of her son's negligent opera-
tion of the car. Plaintiff was in the front seat only because she had
become carsick. Plaintiff's husband, the owner of the car, was seated
in the back seat, and it was he who directed their son's driving.
Defendants contended that any negligence imputed to the plaintiff
would serve to bar her recovery; the Court of Appeals agreed, but
held that under the facts of the case, the son's negligence could not
be imputed to the plaintiff as a matter of law.

The court noted in *McFetters* that two irreconcilable presump-
tions, both of equal dignity, were implicated: first, that the plaintiff, as
the occupant of the seat next to her son, was presumed under
N.C.G.S. § 20-11(b) to have the right to control and direct the opera-
tion of the car; and second, that the father, as the owner of the car and
as a passenger, was presumed under *Shoe v. Hood*, 251 N.C. 719, 112
S.E.2d 543 (1960), to also have the right to control and direct the
operation of the car, unless he had relinquished that right. *McFetters*,
98 N.C. App. at 194, 390 S.E.2d at 352. Because both the plaintiff and
the father had equal rights to control their son's driving, the court rec-
onciled the conflicting presumptions by holding that the parent who
actually exercised control should bear the responsibility for their
son's driving. *Id.* Thus, because all the evidence showed it was the
father who directed and controlled their son's driving, defendants
were not entitled to a directed verdict against the plaintiff. *Id.*

Relying on *McFetters* in the present case, the Court of Appeals
noted that in *McFetters*, but for the conflicting "presumption of con-
trol" created by the presence of the owner in the car, the negligence
of the permittee would have been imputed to the plaintiff. *Stanfield
v. Tilghman*, 117 N.C. App. 292, 294, 450 S.E.2d 751, 753 (1994). The
Court of Appeals reasoned that the instant case presented only one
presumption of control: that the plaintiff, as a parent seated in the
front-passenger seat and the only person in the car statutorily
approved by the State to control and direct, "had the legal right to
control the manner in which the automobile was being operated." *Id.*
at 295, 450 S.E.2d at 753. Accordingly, the Court of Appeals applied
this presumption without regard to "whether plaintiff ever actually
exercised that right" and imputed the negligence of the permittee to
plaintiff, thereby affirming the trial court's grant of a directed verdict
in favor of defendant. *Id.*

Plaintiff argues to this Court that the Court of Appeals erred in its
interpretation and application of its decision in *McFetters* to the facts

## STANFIELD v. TILGHMAN

[342 N.C. 389 (1995)]

of the present case. We agree with plaintiff's contention in this regard. Specifically, plaintiff contends that the Court of Appeals improperly expanded the presumption established in *McFetters*, that the statutorily approved person occupying the seat next to the permittee has the right to control and direct the permittee's operation of the vehicle, into an irrebuttable presumption of control such that the permittee's negligence is imputed to the statutorily approved person.

At the outset, we agree with the Court of Appeals' construction of N.C.G.S. § 20-11(b) as establishing a presumption of "the right to control" on the part of the supervising adult. However, we disagree with the application of such a presumption to the facts of this case as, in essence, an irrebuttable presumption that the supervising adult is contributorily negligent as a matter of law. First, we find no indication from the plain language of the statute itself that the legislature intended such a result. Further, we believe establishing a rule that the permittee's negligence is imputed to the supervising adult as a matter of law would be contrary to sound public policy considerations.

Through the provisions of N.C.G.S. § 20-11(b), certain minors can be provisionally licensed with a learner's permit before they apply for their driver's license. With this learner's permit, minors are allowed to "practice" driving while they are under the guidance and supervision of a licensed parent, guardian or other statutorily approved person. This period of practice driving is important so that permittees gain the driving experience necessary for them to safely operate a vehicle without supervision when they are awarded their driver's license. If the permittee's negligent operation of a vehicle was imputed, in all instances as a matter of law to the supervising adult, such adults, including driver education instructors, would be less inclined to serve as supervisors over a permittee's practice driving, thus militating against our public policy and practice regarding drivers' education.

This case, in essence, involves basic issues of tort law. Plaintiff alleged defendant negligently operated the vehicle, thereby proximately causing her personal injuries. Defendant answered by alleging plaintiff's contributory negligence as a bar to her recovery. The case was tried before a jury, and at the close of plaintiff's evidence, defendant moved for a directed verdict, which the trial court granted on the basis of N.C.G.S. § 20-11(b). While plaintiff is presumed, under this statute, to have "the right to control" the vehicle, this presumption does not translate into an irrebuttable presumption "of control" so as to impute negligence or establish contributory negligence, as a mat-

ter of law, without regard for exigent circumstances or general negligence principles. Obviously, the "legal right to control" is not "control." Assuming the "right to control" referred to here infers a "duty to control," the unexercised legal right or duty to control does not equate to negligence in the absence of a fair opportunity to exercise that right or duty. There must be a reasonable opportunity to exercise the right or duty coupled with a failure to do so. The question here, then, is whether plaintiff, having the "right to control," also had adequate time and opportunity to exercise her duty, but nevertheless failed to do so. Plaintiff may overcome the presumption against her through evidence demonstrating she was not negligent in her supervision of defendant's driving in that in light of defendant's sudden actions, she had no time or opportunity to exercise her duty or stop the negligent operation of the car. Of course, should defendant successfully show plaintiff was indeed contributorily negligent in her supervision of defendant's driving, she would be barred from recovering for her personal injuries as a matter of law.

This Court has stated many times that "[a] motion for directed verdict under Rule 50 of the North Carolina Rules of Civil Procedure tests the legal sufficiency of the evidence, considered in the light most favorable to the nonmovant, to take the case to the jury." *Northern Nat'l Life Ins. v. Miller Machine Co.*, 311 N.C. 62, 69, 316 S.E.2d 256, 261 (1984). Only when the evidence is insufficient to support a verdict in the nonmovant's favor should a motion for a directed verdict be granted. *Snow v. Power Co.*, 297 N.C. 591, 256 S.E.2d 227 (1979). It is seldom appropriate to direct a verdict in a negligence action. *Taylor v. Walker,* 320 N.C. 729, 360 S.E.2d 796 (1987); 2 G. Gray Wilson, *North Carolina Civil Procedure* § 50-7, at 161 (1989). Indeed, a directed verdict on the ground of contributory negligence is only proper when the defense is clearly established such that no other reasonable inference can be drawn from the evidence. *Daughtry v. Turnage,* 295 N.C. 543, 246 S.E.2d 788 (1978).

Viewing the evidence in the light most favorable to the plaintiff, as the nonmovant, and resolving all discrepancies in the plaintiff's favor, the evidence tends to show that defendant operated the car quite successfully for a stretch of several miles. Plaintiff had not been required to correct or reproach defendant concerning his driving. As defendant neared the left-hand curve and the other car approached, defendant, suddenly and without warning, drove the car he was operating off the right side of the road, jumped a ditch, sped up and traveled approximately two hundred feet before the car struck a tree,

seriously injuring plaintiff. This evidence does not establish that plaintiff, as a matter of law, was contributorily negligent in her supervision of defendant's driving.

Indeed, from the evidence that defendant successfully navigated his way down the rural, unpaved road before the accident, the jury could reasonably find that plaintiff aptly performed her oversight of defendant's driving. Also, from the evidence showing that defendant's departure from the road was sudden and without warning, the jury could reasonably conclude that plaintiff in fact had no opportunity to exercise her right to control defendant's manner of driving. We cannot say, upon these facts, that plaintiff's contributory negligence was so clearly established that no other reasonable inference can be drawn from the evidence such that defendant was entitled to a directed verdict. Whether the plaintiff negligently supervised defendant's driving performance is a factual question more properly left for the jury to resolve. We conclude, therefore, it was error for the trial court to grant defendant a directed verdict and for the Court of Appeals to affirm that ruling.

For the reasons stated herein, we reverse the Court of Appeals and remand this case to that court for further remand to the Superior Court, Harnett County, for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.