EVA MAE MONK, Plaintiff v. COWAN TRANSPORTATION, INC., TY PRUITT DIVISION, and JAMES ATWOOD McCAIN, Defendants and COWAN TRANSPORTATION, INC. and JAMES ATWOOD McCAIN, Third-Party Plaintiff v. PAULETTE HERMAN CHURCH, Administratrix of the Estate of CHARLES KEITH HERMAN, Third-Party Defendant

No. COA95-55

(Filed 20 February 1996)

**Automobiles and Other Vehicles § 460 (NCI4th)— owner-occupant doctrine—no opportunity for owner to exercise right or duty to control driver— no showing of contributory negligence as matter of law**

In an action to recover for injuries sustained in an automobile accident, there was no genuine issue of fact as to actual ownership of the vehicle, and the owner-occupant doctrine supplied a presumption that plaintiff, as sole owner of the vehicle, had the right to control and direct its operation where the evidence tended to show that the title to the vehicle was placed in both plaintiff's and her fiancee driver's names only to facilitate her obtaining credit and that she was actually the sole owner of the automobile; however, the owner-occupant doctrine did not establish plaintiff's contributory negligence as a matter of law, since defendants made no showing that plaintiff had adequate time and opportunity to exercise her "right or duty" to control her fiancee's driving at the time of the collision and failed to do so.

**Am Jur 2d, Automobiles and Highway Traffic §§ 640-643, 652.**

**Fact that passenger in vehicle is owner as affecting right to recover from driver for injuries to, or death of, passenger incurred in consequence of driver's negligence. 21 ALR4th 459.**

Appeal by plaintiff from judgment entered 7 November 1994 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 October 1995.

*Pulley, Watson, King & Lischer, P.A., by Richard N. Watson and Julie Cheek Woodmansee, for plaintiff-appellant.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by F. Fincher Jarrell, for defendant-appellees.*

MARTIN, John C., Judge.

Plaintiff commenced this action to recover compensatory damages for injuries she allegedly sustained in a motor vehicle accident on 21 December 1993 in Caldwell County, North Carolina. In her complaint, plaintiff alleged that she was riding in the front passenger seat of a 1990 Plymouth automobile driven by her fiancee, Charles Herman, when it was struck by a tractor-trailer leased by defendant Cowan Transportation, Inc., and operated by its employee, defendant James McCain, while in the course and scope of his employment. Plaintiff alleged that McCain was negligent in various respects in the operation of the tractor-trailer, and that his negligence is imputed to Cowan. Plaintiff also alleged that Herman was negligent in his operation of the Plymouth, and that the negligence of both Herman and defendants proximately caused the accident and the resulting injuries to her.

In their answer, defendants McCain and Cowan asserted, *inter alia*, that Herman was negligent in his operation of the Plymouth, that plaintiff was an owner of the Plymouth and that Herman's negligence should be imputed to her under the owner-occupant doctrine, so that her claim is barred by her contributory negligence. Plaintiff filed a reply, alleging that defendants had the last clear chance to avoid the collision.

Defendants filed a third-party complaint against the personal representative of Herman's estate, Herman having been killed in the collision. The personal representative did not file an answer, and default was entered as to Herman's estate. Following discovery, defendants

MONK v. COWAN TRANSPORTATION, INC.

[121 N.C. App. 588 (1996)]

moved for summary judgment. The trial court granted their motion, dismissing plaintiff's action. Plaintiff appeals.

---

Plaintiff's sole assignment of error is to the entry of summary judgment dismissing her action. Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The burden is upon the party moving for summary judgment to show that no triable issue of fact exists, which he may meet by showing that the opposing party's claim is barred by an affirmative defense which cannot be overcome. *Varner v. Bryan*, 113 N.C. App. 697, 700, 440 S.E.2d 295, 298 (1994).

In this case, defendants asserted the affirmative defense of contributory negligence, relying upon the owner-occupant doctrine to establish that Herman's negligent operation of the automobile should be imputed to plaintiff, barring her claim.

> The owner-occupant doctrine, so-called, holds that when the owner of the automobile is also an occupant while the car is being operated by another with the owner's permission or at his request, negligence on the part of the driver is imputable to the owner.

*Industries, Inc. v. Tharpe*, 47 N.C. App. 754, 763, 268 S.E.2d 824, 830, *disc. review denied*, 301 N.C. 90, 273 S.E.2d 311 (1980) (citing *Harper v. Harper*, 225 N.C. 260, 34 S.E.2d 185 (1945)). The non-driving occupant, as owner of the vehicle, is presumed to have the right to control and direct its operation, unless he or she relinquishes that right, *Shoe v. Hood*, 251 N.C. 719, 723, 112 S.E.2d 543, 547 (1960), so that if the driver's negligent operation of the vehicle ·proximately results in injury to the owner-occupant, such negligence is imputed to the latter as contributory negligence, precluding recovery for his injuries as a matter of law. *Rhoads v. Bryant*, 56 N.C. App. 635, 638, 289 S.E.2d 637, 639, *disc. review denied*, 306 N.C. 386, 294 S.E.2d 211 (1982).

Plaintiff contends the owner-occupant doctrine does not apply in this case because the undisputed evidence showed that title to the automobile was in both plaintiff's and Herman's names, and as a co-owner of the automobile, she had no right of control of the automobile superior to Herman's while he was driving it. Therefore, she

argues, Herman's negligence cannot, as a matter of law, be imputed to her. However, the courts of this State have not hesitated to look beyond the naked legal title to a vehicle to determine who is its "true" owner. *See Davis v. Jessup and Carroll v. Jessup*, 257 N.C. 215, 125 S.E.2d 440 (1962) (in wrongful death action arising out of a collision between two automobiles where passenger-intestate's name was not on the title to vehicle in which intestate was riding, the Court, nonetheless, found case to be barred by the owner-occupant doctrine because the uncontradicted testimony of plaintiff on cross-examination amounted to an admission that her intestate-passenger was actually the owner of the vehicle); *Bowen v. Gardner*, 275 N.C. 363, 168 S.E.2d 47 (1969); *Scott v. Lee*, 245 N.C. 68, 95 S.E.2d 89 (1956). In the present case, similar to *Jessup*, plaintiff's deposition testimony established that title to the Plymouth was placed in both her and Herman's names only to facilitate her obtaining credit, and that she was actually the sole owner of the automobile. Thus, there is no genuine issue of fact as to actual ownership of the vehicle, and the owner-occupant doctrine supplies a presumption that plaintiff, as sole owner of the vehicle, had the right to control and direct its operation.

This determination, however, does not end our inquiry into whether the owner-occupant doctrine establishes plaintiff's contributory negligence in this case as a matter of law, barring her claim and entitling defendants to judgment. In *Stanfield v. Tilghman*, 342 N.C. 389, 464 S.E.2d 294 (1995), our Supreme Court recently considered the issue of imputed negligence under the provisions of the Uniform Driver's License Act applicable to minors, G.S. § 20-11(b). The Court stated that the presumption of the "right to control" the operation of a motor vehicle "does not translate into an irrebuttable presumption 'of control' so as to impute negligence or establish contributory negligence, as a matter of law, without regard for exigent circumstances or general negligence principles." *Id.* at 393-94, 464 S.E.2d at 297.

> Obviously, the "legal right to control" is "not control." Assuming the "right to control" referred to here infers a "duty to control," the unexercised legal right or duty to control does not equate to negligence in the absence of a fair opportunity to exercise that right or duty. There must be a reasonable opportunity to exercise the right or duty coupled with a failure to do so.

*Id.* We believe the foregoing rule to be equally applicable to the presumption of the "right to control" supplied by the owner-occupant doctrine. Applying the rule to the present case, we must conclude

that defendants have made no showing that plaintiff had adequate time and opportunity to exercise her "right or duty" to control Herman's driving at the time of the collision and failed to do so. Indeed, the evidence before the court upon defendants' motion for summary judgment, considered in the light most favorable to plaintiff as the non-movant as the court must do when ruling on a motion for summary judgment, *Howard v. Jackson,* 120 N.C. App. 243, 246, 461 S.E.2d 793, 796 (1995), could support a reasonable inference that plaintiff had no opportunity to control Herman's operation of the vehicle at the time of the collision. "If different material conclusions can be drawn from the evidence, then summary judgment should be denied." *Warren v. Rosso and Mastracco, Inc.,* 78 N.C. 163, 164, 336 S.E.2d 699, 700 (1985). Thus, defendants have failed to satisfy their burden to establish plaintiff's contributory negligence as a matter of law. Therefore, it was error for the trial court to grant defendants' motion for summary judgment.

Defendants also alleged that plaintiff and Herman were engaged in a joint enterprise at the time of the collision, so that Herman's negligence should be imputed to plaintiff. There was, however, no evidence offered to support the allegation of joint enterprise, and defendants have candidly admitted at oral argument that they did not rely on the defense in support of their motion for summary judgment. Moreover, because we hold that a genuine issue of material fact exists with respect to the issue of plaintiff's contributory negligence, we need not address the parties' arguments as to whether defendants had the last clear chance to avoid the collision, as that issue is not material unless plaintiff's contributory negligence is established. The judgment of the trial court is reversed and this cause is remanded for a trial on the merits.

Reversed and remanded.

Judges JOHN and McGEE concur.