LINDA CADE WATTS, KIM WATTS, AND GEORGE WATTS v. CUMBERLAND
COUNTY HOSPITAL SYSTEM, INC.; DR. JAMES ASKINS; DR. RALPH
MORESS; NORTH CAROLINA BAPTIST HOSPITALS, INC.; DR. VICTOR
KERANEN; DR. W. C. MILLER; DR. MENNO PENNICK; DR. EBAN ALEX-
ANDER, JR.; DR. JAMES TOOLE; AND DAN HALL

No. 383A85

(Filed 2 July 1986)

**Fraud § 12; Physicians, Surgeons and Allied Professions § 16.1— fraudulent con-
cealment by marriage and family counselor—insufficient evidence**

Summary judgment was properly granted for defendant Hall on a claim
that he assisted plaintiff's physicians in fraudulently concealing from her the
true nature of her injuries in an effort to cover up earlier malpractice where
plaintiff was in an automobile accident on 7 June 1974; she was treated in an
emergency room and released the same day; she has continued to suffer pain
since the accident and has been treated by numerous physicians in several
hospitals in at least four states; until 1979 she was consistently told that she
had no discoverable organic problem that would explain her persistent back
and neck pain; in 1979 a doctor performed a CT-scan that revealed what the
doctor thought were residual changes from fractures in two lumbar vertebrae;
the doctor also told plaintiff that he checked the X-rays taken of her neck im-
mediately following the accident and that these showed fractures in that area;
the doctor's diagnosis was not confirmed by any of the other physicians who
treated plaintiff and was later retracted by that doctor after a second CT-scan;
plaintiff consulted a new doctor in 1981 who told her she was developing ar-
achnoiditis, probably caused by multiple myelograms; plaintiff began to see de-
fendant Hall in late 1974 in an attempt to obtain his assistance in dealing with
her husband's drinking problem and in dealing with the emotional aspects of
the pain she suffered after her accident; defendant Hall consistently tried to
persuade plaintiff to accept that her pain had an emotional rather than a path-
ological origin; he admittedly consulted with her physicians about her con-
dition; defendant told plaintiff that he had seen her "file"; and defendant
attempted to dissuade plaintiff from consulting new doctors in later years.

APPEAL by defendant Dan Hall from a decision of the Court
of Appeals, 75 N.C. App. 1, 330 S.E. 2d 242 (1985) (*Wells, J.,*
dissenting), reversing summary judgment for defendant Hall en-
tered by *Bowen, J.,* at the 28 November 1983 Civil Session of Su-
perior Court, CUMBERLAND County. Heard in the Supreme Court
12 March 1986.

*No counsel contra for plaintiff-appellee Linda Cade Watts.*

*Nance, Collier, Herndon, Wheless, Guthrie and Jenkins, by
Rodney A. Guthrie, for defendant-appellant Dan Hall.*

FRYE, Justice.

This is a companion case to *Watts v. Cumberland County Hosp. System*, 317 N.C. 110, 343 S.E. 2d 879 (1986). The sole issue presented on this appeal is whether the Court of Appeals erred in reversing the trial court's entry of summary judgment for defendant Hall on plaintiff Linda Watts' claim that defendant Hall assisted her physicians in fraudulently concealing from her the nature of her physical condition. For the reasons set forth below, we hold that the Court of Appeals erred in reaching its conclusion.

Plaintiff Linda Watts, her husband, and her daughter brought suit against two hospitals, several physicians, and defendant Hall, a marriage and family counselor, alleging that defendant hospitals and physicians had failed to diagnose correctly injuries she suffered in an automobile accident in 1974, and seeking damages on a variety of theories. This appeal relates to the claims made against defendant Hall. These were three-fold: plaintiffs alleged first that Hall's action in revealing confidential information disclosed to him during his treatment of plaintiff Linda Watts to her various physicians constituted malpractice; second, that Hall negligently conducted his counseling of her and exceeded the proper parameters of his role; and third, that he had intentionally assisted her physicians in fraudulently concealing from her the true nature of her injuries in an effort to cover up the earlier malpractice of her original doctors. Plaintiffs' original complaint was filed sometime in June 1982; they filed an amended complaint on 19 August 1982. Defendant Hall answered and subsequently filed a motion for summary judgment on 3 November 1983 on the alternative grounds that the complaint as to him failed to state a claim upon which relief could be granted and that all claims were barred by the statute of limitations. After hearing oral arguments on the motion, the trial court granted it. Plaintiff Linda Watts alone appealed to the Court of Appeals, which reversed the trial court's ruling with Wells, J., dissenting as to the fraudulent concealment claim. Defendant Hall appealed on the basis of Judge Wells' dissent; accordingly, plaintiff's claim against him for fraudulent concealment is the only one before this Court.

The party moving for summary judgment must establish the lack of any triable issue by showing that no genuine issue of material fact exists and that the moving party is entitled to judg-

ment as a matter of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied*, 281 N.C. 516 (1972). As this Court remarked in *Koontz*, "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz*, 280 N.C. at 518, 186 S.E. 2d at 901. All inferences are to be drawn against the moving party and in favor of the opposing party. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379; *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied*, 281 N.C. 516. We find that under the facts of this case, defendant Hall has met this burden with respect to plaintiff's fraudulent concealment claim.

Considered in the light most favorable to the plaintiff, the record discloses the facts set forth herein. Plaintiff was in an automobile accident on 7 June 1974. Following the accident, she was treated in the emergency room at Cape Fear Valley Hospital and released the same day. She has continued to suffer pain since this accident and has been treated by numerous physicians in several hospitals in at least four states. Until 1979, she was consistently told that she had no discoverable organic problem that would explain her persistent back and neck pain. In 1979, Dr. Gene Coin performed a CT-scan on her back that revealed what Dr. Coin thought were residual changes from fractures in two of plaintiff's lumbar vertebrae. Dr. Coin also told plaintiff that he checked the X-rays taken of her neck immediately following the accident and that these showed fractures in that area also. Dr. Coin's diagnosis was not confirmed by any of the other physicians who treated plaintiff and was later retracted by Dr. Coin himself in 1981 after a second CT-scan. Plaintiff consulted a new doctor in 1981 who told her that she was developing arachnoiditis, probably caused by the multiple myelograms given to plaintiff in attempts to discover an organic cause for her back pain.

Plaintiff claims that she did in fact suffer spinal fractures in the lumbar and cervical regions in the 1974 automobile accident. She alleges that the physicians who treated her at that time negligently failed to discover these fractures, and those who have treated her since knew about these fractures and "covered up" for the original doctors' negligence. Her claim against her physi-

cians for fraudulent concealment is discussed and rejected in *Watts v. Cumberland County Hosp. System*, 317 N.C. 110, 343 S.E. 2d 879, where her medical history is set forth in more detail.

Plaintiff also claims that defendant Hall intentionally assisted her physicians in this "cover up." She began to see defendant Hall in late 1974 in an attempt to obtain assistance in dealing with her husband's drinking problem. As a collateral matter, she also sought help in dealing with the emotional aspects of the pain she suffered after her accident. She continued to see Hall until July 1981.

In support of her fraudulent concealment claim against defendant Hall, plaintiff has offered very little evidence even when viewed in the light most favorable to her. Hall consistently tried to persuade her to accept that her pain had an emotional rather than a pathological origin. He admittedly consulted with her physicians about her condition; plaintiff denied ever giving him permission to do so. He also told her that he had seen her "file."[1] In later years, he attempted to dissuade her from consulting new doctors.

As we said in *Watts v. Cumberland County Hosp. System*, 317 N.C. 110, 343 S.E. 2d 879, both constructive and actual fraud are implicated in plaintiff's allegations. To show constructive fraud, plaintiff must allege facts and circumstances that created a relationship of trust and confidence and that led up to and surrounded the consummation of the transaction in which defendant allegedly took advantage of this position of trust to the hurt of plaintiff. When a fiduciary relationship exists between the parties to a transaction, a presumption of fraud arises when the superior party obtains a possible benefit, but this presumption disappears if that party can show, for instance, that the other party acted on independent advice. *Watts v. Cumberland County Hosp. System*, 317 N.C. 110, 343 S.E. 2d 879.

We believe that here, as in the companion case, the evidence "amply demonstrated that plaintiff sought and received a number of second opinions as to the source of her complaints." *Id.* This history dispels any presumption that might arise from her rela-

---

1. From context, it is clear that plaintiff meant her medical records.

tionship with defendant Hall, and plaintiff must show sufficient facts to support a claim of actual fraud.

Proof of actual fraud requires that plaintiff show the existence of five essential elements:

1) false representation or concealment of a material fact,

2) likely to deceive,

3) intended to deceive,

4) which does in fact deceive,

5) resulting in injury to plaintiff.

*Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E. 2d 494, 500 (1974).

Even taken in the light most favorable to the plaintiff, the facts presented in the record are insufficient to show that defendant Hall intentionally assisted plaintiff's physicians in a fraudulent concealment of her true condition. First, as we held in *Watts v. Cumberland County Hosp. System*, there is insufficient evidence to sustain plaintiff's fraudulent concealment claim against her physicians. *Watts*, 317 N.C. 110, 343 S.E. 2d 879. Second, there is insufficient evidence to suggest that even if they did, defendant Hall was aware of this concealment. While plaintiff says that Hall consulted with her physicians, she does not allege that they told him she had a broken back. His access to her medical records is not a sufficient indication; all he would have found was Dr. Coin's original and corrected reports, already known to plaintiff, and an X-ray report from Baptist Hospital made in 1981 referring to "compression fractures unchanged since 1976." He would also have found the 1976 X-ray report which makes no mention of any fractures of any type, and numerous diagnoses from several different sources of minor ailments with some psychological overlay. As plaintiff herself says, defendant has no medical knowledge. The facts as alleged fail to support any of the elements of actual fraud.

The decision of the Court of Appeals is reversed with respect to plaintiff's claim against defendant Hall for fraudulent concealment, and the case is remanded to that court for further remand to the Superior Court, Cumberland County, for reinstatement of

summary judgment as to plaintiff's fraudulent concealment claim against defendant Hall.

Reversed and remanded.