LYNETTA DRAUGHON, Personal Representative of the ESTATE OF MAX DRAUGHON, Deceased, Plaintiff v. HARNETT COUNTY BOARD OF EDUCATION and BARRY HONEYCUTT, JACKIE SAMUELS, STEPHEN AUSLEY, JASON SPELL, ANTHONY BARBOUR, PERRY SAENZ, DON WILSON, JR., RAYMOND McCALL, and BRIAN STRICKLAND, In their Individual and Official Capacities, Defendants

No. COA02-646

(Filed 3 June 2003)

**1. Appeal and Error— appealability—summary judgment for some defendants**

A summary judgment dismissing 4 of 10 defendants was interlocutory but affected a substantial right because plaintiff was asserting liability against a board as well as several of its employees. The liability of the board depends upon the joint and several liabilities of the individual defendants, the same factual issues would be present at two trials, and there is the possibility of inconsistent verdicts.

**2. Civil Procedure— summary judgment—unverified complaint—deposition exhibit—not trustworthy**

Summary judgment was properly granted for some of the defendants in a negligence action where the sworn evidence of record shows no genuine issue of material fact regarding defend-

DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[158 N.C. App. 208 (2003)]

ants' breach of duty. The complaint was not verified, an earlier verified complaint voluntarily dismissed was not treated as an affidavit because its allegations were not based upon plaintiff's actual knowledge, and a deposition with which plaintiff attempted to rebut the motion was not included in the record on appeal.

**3. Civil Procedure— summary judgment—request for more time—made at hearing**

The trial court did not abuse its discretion by denying plaintiff's request for more time at a summary judgment hearing where plaintiff did not move to continue the hearing pursuant to N.C.G.S. § 1A-1, Rule 56(f).

**4. Civil Procedure— summary judgment—consideration of evidence**

The trial court did not err when granting a summary judgment in its consideration of the record where the judgment stated that the court reviewed the admissible facts from the pleadings, depositions, other documents of record and considered the arguments of counsel.

Judge WYNN dissenting.

Appeal by plaintiff from judgment entered 17 December 2001 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 15 April 2003.

*Keith A. Bishop, PLLC, by Keith A. Bishop, for plaintiff.*

*Tharrington Smith, LLP, by Jonathan A. Blumberg and Lisa Lukasik, for all defendants; Cranfill, Sumner & Hartzog, LLP, by Patricia L. Holland, for defendants Honeycutt, Ausley & McCall; and Bailey & Dixon, LLP, by Gary Parsons and Warren Savage, for defendants Honeycutt, Ausley, McCall, Spell & Wilson.*

TYSON, Judge.

Lynetta Draughon ("plaintiff"), personal representative of the Estate of Max Draughon, appeals from summary judgment entered in favor of Stephen Ausley ("Ausley"), Raymond McCall ("McCall"), Jason Spell ("Spell"), and Don Wilson, Jr. ("Wilson"), (collectively "defendants"). We affirm.

DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[158 N.C. App. 208 (2003)]

## I. Background

On 8 August 1998, Max Draughon ("decedent") participated in a morning football practice at Triton High School. The practice was the first "contact" practice of the football season. Practices held during the week prior to the practice at issue involved "conditioning" and not "contact." Outdoor temperatures exceeded 78 degrees Farenheit and the humidity exceeded 70% on the morning of 8 August 1998.

Decedent and the other players ran wind sprints at the practice. Water breaks were scheduled and taken, but allegedly, some were not given to decedent when he requested them during the wind sprints. Decedent continued to run until he collapsed onto the field. Decedent's coaches rendered first aid until an ambulance arrived. Decedent arrived unconscious at Good Hope Hospital in Erwin and was diagnosed as suffering from heat stroke. Decedent was airlifted to University of North Carolina Memorial Hospital where he died the next day from complications of heat stroke.

Plaintiff filed a wrongful death action on 3 August 2000, and voluntarily dismissed the complaint without prejudice on 6 July 2001. Plaintiff refiled her claim the same day against Harnett County Board of Education, Barry Honeycutt, Jackie Samuels, Stephen Ausley, Jason Spell, Anthony Barbour, Perry Saenz, Don Wilson, Jr., Raymond McCall, and Brian Strickland in their individual and official capacities. All defendants filed a collective answer, asserting affirmative defenses on 10 September 2001. Plaintiff filed responses to defendants' affirmative defenses on 20 September 2001. The parties stipulated on 2 October 2001, to incorporate by reference all depositions conducted during the initial dismissed action. On 9 November 2001, defense counsel moved for summary judgment on behalf of Defendants Ausley, McCall, Wilson, and Spell, (collectively "defendants") and noticed that motion for hearing on 26 November 2001. Defendants included the affidavit of Marshall Hinson, a parent who observed the football practice, in support of their motion for summary judgment and supported their motion with the stipulated depositions. Plaintiff allegedly filed a motion to continue, although no written motion is found in the record. Plaintiff filed no affidavits to oppose defendants' summary judgment motion. The trial court heard arguments on defendants' motion on 26 November 2001, and indicated orally that it would rule in favor of defendants Ausley, Spell, and Wilson. On 17 December 2001, the trial court entered summary judgment in favor of Ausley, McCall, Spell, and Wilson. Plaintiff appeals.

**DRAUGHON v. HARNETT CTY. BD. OF EDUC.**

[158 N.C. App. 208 (2003)]

## II.  Issues

The issues are (1) whether this interlocutory appeal affects a substantial right and (2) whether a question of fact exists precluding summary judgment in favor of each of the defendants.

## III.  Interlocutory Issue and Substantial Right

**[1]** The four defendants at bar are among ten defendants in plaintiff's suit. The judgment appealed from is not a final judgment on this case, but it is a final judgment with respect to four of the defendants.

When summary judgment is allowed for less than all defendants and the judgment contains no certification for immediate appeal by the trial court pursuant to North Carolina Rules of Civil Procedure, Rule 54(b), the plaintiff's appeal is premature and interlocutory unless the order affects a substantial right. *See N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). "A substantial right . . . is considered affected if there are overlapping factual issues between the claim determined and any claims which have not yet been determined because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993) (quotations omitted).

Plaintiff asserted claims against the Board and its several individual employee defendants. Because the liability of the Board depends upon the joint and several liabilities of the individual defendants and contains the same nucleus of operative facts, the dismissal of the defendants could prejudice plaintiff's entire case. The same factual issues would be present if there were two trials and the possibility exists of inconsistent verdicts on those issues. We find that the order appealed from affects a substantial right.

## IV.  Summary Judgment Standard of Review

**[2]** Summary judgment "is 'a somewhat drastic remedy, [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue.'" *Dewitt v. Eveready Battery Co.*, 355 N.C. 672, 682, 565 S.E.2d 140, 146 (2002) (quoting *Marcus Bros. Textiles v. Price Waterhouse, LLP*, 350 N.C. 214, 220, 513 S.E.2d 320, 325 (1999)). " 'The purpose of summary judgment is to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and

allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed.' " *Talbert v. Choplin*, 40 N.C. App. 360, 363, 253 S.E.2d 37, 40 (1979) (quoting *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979)).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). " 'The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.' " *Pacheco v. Rogers and Breece, Inc.*, 157 N.C. App. 445, 447, 579 S.E.2d 505, 507 (2003) (quoting *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985)).

A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. rev. denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

" 'Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.' " *Pacheco*, 157 N.C. App. at 448, 579 S.E.2d at 507 (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000)). " 'To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.' " *Id.* (quoting *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992)).

There is no evidence in the record of any response by plaintiff to defendants' motion for summary judgment. A partial transcript of the hearing shows that plaintiff attempted to rebut defendants' motion with a physician's affidavit. Defendants argued at hearing that the affidavit was (1) not timely served and (2) not properly

notarized. The affidavit is not included in the record before us on appeal, and we are unable to find any response to defendants' summary judgment motion. *See* N.C.R. App. P. 9 (2002) "[R]eview is solely upon the record on appeal and the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule." N.C.R. App. P. 9. (2002).

Plaintiff challenges the trial court's decision, resting on the pleadings and depositions. A trial judge in ruling on a summary judgment motion is confined to the sworn or verified testimony in the record as may be evidenced through pleadings, affidavits, or depositions. Rule 56 (e) of the North Carolina Rules of Civil Procedure provides "[w]hen a motion for summary judgment is made and supported [with affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2001).

Plaintiff cites statements from her complaint that present factual issues. Plaintiff's complaint is not verified and cannot be relied upon as sworn testimony. Plaintiff's dismissed complaint is part of the record as a deposition exhibit per the stipulation, and it was verified. Its truthfulness is questionable because the sworn testimony involves many issues of which plaintiff has no "actual knowledge."

A verified complaint "may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972). In *Talbert v. Choplin*, this Court affirmed summary judgment for a defendant where the plaintiff rested upon a verified complaint in rebuttal. 40 N.C. App. at 366, 253 S.E.2d at 41.

> Although the complaint was verified by [plaintiff] and in this respect might be considered as an affidavit, it failed to show affirmatively that the affiant was competent to testify concerning the identity of the driver. Unless she was present when the accident occurred, which is not alleged in the complaint, it is manifest that she was not competent to testify as to who was driving.

*Id.* at 365, 253 S.E.2d at 41.

The verified dismissed complaint upon which plaintiff rests was not treated as an affidavit. Its allegations (1) are based upon

the personal knowledge of someone other than the affiant, (2) are not within the purview of plaintiff's personal knowledge, and (3) are based upon the opinions and knowledge allegedly articulated to her by others.

Plaintiff also relies upon sworn deposition testimony in the record. The sworn evidence of record shows no genuine issue of material fact exists regarding defendants' breach of duty. Plaintiff failed to rebut defendants' affidavit supporting no breach of duty by the defendants. This assignment of error is overruled.

## V. Plaintiff's Other Assignments of Error

Plaintiff assigns error to (1) the trial court's denial of her motion to continue and (2) the trial court's refusal to consider the entire evidence of record in ruling on the summary judgment motion.

## A. Motion to Continue

**[3]** Plaintiff did not move to continue the hearing pursuant to Rule 56(f) of the North Carolina Rules of Civil Procedure. Plaintiff's counsel appeared and argued for more time at the summary judgment hearing. Our standard to review the trial court's decision is abuse of discretion.

A trial court does not abuse its discretion when it denies motions to continue a hearing on a motion for summary judgment if a party fails to file and give notice of a motion to continue and submit an affidavit pursuant to Rule 56(f). *Berkeley Federal Savings and Loan Assn. v. Terra Del Sol*, 111 N.C. App. 692, 710-711, 433 S.E.2d 449, 459 (1993), *appeal dismissed, disc. rev. denied*, 335 N.C. 552, 441 S.E.2d 110 (1994). This assignment of error is overruled.

## B. Consideration of All Evidence

**[4]** Plaintiff argues that the trial court erred by not considering the entire record when it ruled on defendants' summary judgment motion. The trial court announced its intended ruling in favor of three of the defendants at the conclusion of the hearing. Plaintiff contends that the entire record was not fully considered before the judgment was entered.

"[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2001). "The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. The entry of

judgment is the event which vests this Court with jurisdiction." *Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996) (citations omitted).

The judgment entered stated "[a]fter reviewing the facts that are admissible in evidence that appear from the pleadings, depositions, and other documents of record, and after hearing the arguments of counsel, the Court is of the opinion that there is no genuine issue as to any material fact, and that these Defendants are entitled to judgment as a matter of law." Plaintiff has failed to show otherwise. This assignment of error is overruled.

## VI. Conclusion

Summary judgment in favor of the Defendants Ausley, McCall, Wilson, and Spell is affirmed. No genuine issue of material fact exists regarding their liability to plaintiff.

Affirmed.

Judge STEELMAN concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

The record in this case shows convincingly that defendants failed to sustain their initial burden of proving that an essential element of plaintiff's negligence claim was either non-existent or unsupported. Accordingly, plaintiff was not required to forecast any additional evidence to support her claim. As this appears to be the only basis for the trial court's grant of summary judgment, and the majority's affirmation of this judgment, I must dissent.

Fundamentally, the majority affirms the trial court's grant of summary judgment because Ms. Draughon failed to carry her "burden . . . to produce a forecast of evidence demonstrating specific facts . . . showing that [she] can . . . establish a prima facie case at trial." However, this burden only arises after defendants sustain their burden of proving, through discovery or affidavits, that an essential element of plaintiff's case was either non-existent or unsupported. "If the defendant fails to meet this initial burden of proof, the motion must fail even though the plaintiff does not submit any affidavits or other supporting materials in opposition to the motion." *Watts v.*

*Cumberland Co. Hosp. Sys.,* 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985), *rev'd in part on other grounds,* 317 N.C. 321, 345 S.E.2d 201 (1986). *See also Best v. Perry,* 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979); *Edwards v. Bank,* 39 N.C. App. 261, 269, 250 S.E.2d 651, 657 (1979). Consequently, "[t]he plaintiff is not required to present evidence to support his or her claim unless the defendant meets the initial burden of proof." *Watts,* 75 N.C. App. at 6, 330 S.E.2d at 247.

The majority opinion fails to address what evidence, if any, the defendants produced to prove that an essential element of plaintiff's claim was either non-existent or unsupported. Notwithstanding this lack of analysis, it is apparent from the record that defendants substantially relied upon the affidavit of Marshall Hinson, a parent who attended the football practice in which Max Draughon collapsed from heat stroke. According to Mr. Hinson's affidavit, "when [he] found out that Max [Draughon] died, [he] simply could not believe that anything that [he] saw at practice . . . caused [him] to die. From what [Mr. Hinson] could tell, the coaches did not do anything wrong." Furthermore, "it never occurred to [Mr. Hinson] that it was too hot or humid for football practice or running at the end of practice." Most assuredly, this evidence was insufficient, particularly in a negligence case, to meet defendants' initial burden of "proving" that an essential element of plaintiff's claim was either non-existent or unsupported.

Under well-settled principles, summary adjudications are disfavored in negligence cases "because application of the prudent [person] test, or any other applicable standard of care, is generally for the jury." *McFetters v. McFetters,* 98 N.C. App. 187, 191, 390 S.E.2d 348, 350 (1990). *See e.g., Camalier v. Jeffries,* 340 N.C. 699, 710, 460 S.E.2d 133, 138 (1995); *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972). "Hence it is only in exceptional negligence cases that summary judgment is appropriate because the . . . applicable standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court." *Easter v. Lexington Memorial Hospital, Inc.,* 303 N.C. 303, 305, 278 S.E.2d 253, 255 (1981) (citations omitted). Nevertheless, the majority affirms the trial court's summary judgment on one fundamental basis: "Plaintiff failed to rebut defendants' affidavit supporting no breach of fiduciary duty by defendants."

The majority will not allow a jury to consider undisputed facts— and disputed facts that should be resolved in favor of the non-

**BASS v. DURHAM CTY. HOSP. CORP.**

[158 N.C. App. 217 (2003)]

movant—sufficient to establish a prima facie case of negligence ostensibly because the affidavit of one parent suggested that defendants did not breach the duty of reasonable care and supervision. I note, the verified complaint of Ms. Draughon, the mother of Max Draughon and the personal representative of his estate, shows (1) she entrusted her son to the coaches of the high school football team, (2) her son complained to the coaches that he was "burning up" and asked for water before and between "wind-sprints," (3) the coaches refused his request and required him to continue running "wind sprints", and (4) as a result of this intense exercise in the heat and humidity of early August, her son collapsed on the field and later died from heat exhaustion.

The ultimate issue of negligence is a matter for a jury to decide; it should not be decided based upon the opinion of a lay witness. In my view, notwithstanding the affidavit, questions of fact remain for a properly instructed jury to decide. Therefore, I respectfully dissent.