FAYETTEVILLE PUBLISHING COMPANY, Plaintiff v. ADVANCED INTERNET
TECHNOLOGIES, INC., Defendant

No. COA07-1203

(Filed 2 September 2008)

**1. Judges— comment—discovery—sanctions—dismissal of counterclaims—written order controlling**

There was no abuse of discretion in the dismissal of defendant's counterclaims as a sanction for failure to a comply with a discovery order. The written court order as entered is controlling rather than the trial judge's comments during the hearing, and the short time between the hearing and the order is not per se grounds for setting it aside.

**2. Discovery— sanctions—dismissal of counterclaims**

The choice of dismissal of defendant's counterclaims as a discovery sanction was proper where there were findings that defendant's response to a discovery order was piecemeal and defiant, and the trial court noted that it had considered less severe sanctions.

**3. Civil Procedure— summary judgment—affirmative defenses—forecast of evidence**

The trial court did not err by granting summary judgment for plaintiff in an action for the recovery of computer servers where defendant argued that its affirmative defenses remained viable even if the dismissal of its counterclaims was proper. Defendant did not forecast any evidence demonstrating specific facts as to its security interest or any other affirmative defense.

**4. Discovery— summary judgment—no pending procedures leading to relevant evidence**

There was no merit to the argument that the trial court erred by granting summary judgment when discovery was allegedly

ongoing, even if the issue had been preserved for appeal. The record contains no indication that any discovery procedures which might have led to the production of relevant evidence was still pending when the summary judgment motion was granted.

Appeal by defendant from summary judgment entered 26 March 2007 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 19 March 2008.

*Helms Mulliss & Wicker, PLLC, by H. Landis Wade, Jr. and A. Jordan Sykes, for plaintiff-appellee.*

*Amber A. Corbin for defendant-appellant.*

STROUD, Judge.

Defendant Advanced Internet Technologies, Inc. appeals from order entered 7 March 2007 dismissing its counterclaims and order entered 26 March 2007 granting summary judgment for plaintiff. We affirm both orders.

## I. Background

Plaintiff Fayetteville Publishing Company ("Fayetteville Publishing" or "FPC") filed a verified complaint on 4 January 2006 against Advanced Internet Technologies, Inc. ("AIT"). The complaint sought injunctive relief for the recovery of four computer servers, with a total value of eight-thousand dollars ($8,000.00). Plaintiff alleged that it entered into four co-location agreements with defendant to provide services related to four computer servers owned by plaintiff. The four servers were placed at defendant's facility, and three of the four servers were used to make plaintiff's website available to Internet users. Plaintiff and defendant also had other business relationships in addition to the co-location agreements, including web hosting and online advertising.

Plaintiff further alleged that by letter dated 29 November 2005, defendant claimed that plaintiff was in breach of a contract for online advertising. Over the next several weeks, plaintiff requested information from defendant regarding the alleged breach. During this time, one of plaintiff's servers located at defendant's facility had a problem which needed attention by plaintiff's technical staff, but defendant would not allow plaintiff's employee access to the server. On 16 December 2005, plaintiff notified defendant by letter that defendant's services regarding the four servers and the co-location agreements

were no longer required. Despite plaintiff's demands for return of the servers, defendant failed to return them.

Plaintiff alleged that it had terminated the co-location agreements, paid all sums due under the agreements, and that it was entitled to immediate return of the four servers. Plaintiff's complaint requested an interim order for immediate possession pursuant to N.C. Gen. Stat. § 1-472 *et seq.* as well as temporary and permanent injunctive relief. Plaintiff obtained an order of seizure in claim and delivery on 23 January 2006 and posted a bond pursuant to N.C. Gen. Stat. § 1-475 in the amount of sixteen thousand dollars ($16,000.00). However, the servers were not seized as defendant also posted a bond on 23 January 2007 in the amount of sixteen thousand dollars ($16,000.00) pursuant to N.C. Gen. Stat. § 1-478.

On 27 January 2006, plaintiff filed a Verified Motion for Temporary Restraining Order and Injunctive Relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 65. The motion described in detail plaintiff's concerns that defendant had copied or intended to copy information from plaintiff's servers for use, possibly in a class action lawsuit defendant was pursuing as lead plaintiff against Google. The motion alleged that defendant had been "totally uncooperative" with plaintiff in its efforts to prevent any use by defendant of the servers in violation of N.C. Gen. Stat. § 14-458(5). The motion sought a temporary restraining order and injunction to prevent defendant from copying, imaging, or taking any other action regarding the information on the servers. It also sought an injunction requiring defendant to turn over to plaintiff any such information which it might have already copied and to turn the servers over to a third party designated by the court to secure them until further order of the court.

On 30 January 2006, the court entered a temporary restraining order and preliminary injunction with the consent of both parties. The order required that defendant "not copy, image or otherwise take any physical or other action of any kind with respect to the computer servers, except the action specifically required to comply with the terms of th[e] Temporary Restraining Order." The order further required defendant to turn the servers and any information which defendant had copied or imaged from the servers over to David McCarn, the designated third party, within 2 days from entry of the order.

On or about 7 April 2006, defendant filed its unverified Answer and Counterclaims, also raising several affirmative defenses.

Defendant pled the affirmative defenses of want of consideration, unclean hands, and a security interest in the servers. Defendant made counterclaims for breach of contract, unjust enrichment, unfair or deceptive trade practices, and fraud. Defendant prayed for compensatory and punitive damages pursuant to the counterclaims, and for "declaratory judgment with respect to the special property and security interest and determining the rights of the parties[.]" On 20 July 2006, plaintiff filed a reply, denying the material allegations in the counterclaims.

On 17 July 2006, plaintiff served defendant with its first Request for Production of Documents including, *inter alia*, "all documents evidencing the amounts paid by Defendant for advertising of the type that is the subject of the Answer and Counterclaims." After thirty days, defendant had neither produced the requested documents nor obtained an extension of time to respond. On 5 September 2006, plaintiff's counsel sent a letter to defendant's counsel with a copy of a motion to compel discovery, advising that he would not file the motion to compel if defendant would confirm that the documents would be produced the next week. The documents still were not produced. On 28 September 2006, plaintiff filed a Motion to Compel Discovery. The motion alleged "[o]n 13 September 2006, rather than producing the requested documents, [d]efendant's counsel served . . . responses and objections[.]" The motion further alleged that "[d]efendant produced a paltry number of documents in response to just a few requests" and made "numerous objections, often on multiple grounds, to practically every request." The motion to compel averred that defendant's objections were waived since they were not made within 30 days of the request for production as required by N.C. Gen. Stat. § 1A-1, Rule 34, and that even if the objections had not been waived, they were not meritorious.

On 7 November 2006, the trial court entered its order on plaintiff's motion to compel discovery. The trial court ordered defendant to copy and produce to plaintiff within ten days "all documents responsive to Requests 1 through 27 of Plaintiff's First Request for Production of Documents" and directed how defendant should address any documents which it deemed to be proprietary or documents withheld upon a claim of attorney-client or work product privilege. The trial court withheld ruling upon plaintiff's request for attorney's fees pursuant to Rule 37 until after defendant's response to the Request for Production of Documents.

On 1 December 2006, plaintiff filed a Motion for Appropriate Relief, (hereinafter referred to as the "Rule 37 motion") seeking relief under N.C. Gen. Stat. § 1A-1, Rules 37 and 11. Plaintiff alleged that defendant made an untimely response, which was also "misleading, evasive, incomplete, and non-responsive[,]" to the discovery order of 7 November 2006. Plaintiff requested that the trial court strike defendant's recent interrogatories to plaintiff and strike defendant's counterclaims against plaintiff.

On 7 December 2006, defendant filed a response to plaintiff's Rule 37 motion, claiming that defendant had responded to the discovery request with "hundreds of pages of documents and a computer disc containing 65,000 pages of material," and that although there may have been "minor deficiencies" in the materials provided and timing of production, defendant had made a "determined good faith effort to provide [p]laintiff with an enormous amount of discovery in a usable form within a short time period at the expenditure of significant resources and time."

On 20 and 21 February 2007, Steve Young ("Young") and Sean Murray ("Murray") testified for defendant at a deposition noticed by plaintiff. Young brought some responsive documents on 20 February and some on 21 February, but did not provide the requested documents in their entirety.

On 26 February 2007, Judge Gary Locklear heard plaintiff's Rule 37 motion. On 7 March 2007, the trial court entered its order dismissing defendant's counterclaims as a sanction for failure to comply with the order compelling discovery responses. The 7 March 2007 order stated that the trial court "reviewed the pleadings, the Motion, the materials and exhibits presented by the parties, the applicable authorities presented by the parties and . . . fully heard and considered the arguments of counsel for both parties[.]" The order also contains twenty-one detailed findings of fact regarding the discovery issues. None of these findings were assigned as error by defendant.

On 14 March 2007, plaintiff filed a motion for summary judgment on the "one claim asserted in the Complaint, finding that Plaintiff is the rightful owner of the subject property" and for sanctions pursuant to Rule 11, including costs and attorney's fees. On 26 March 2007, the trial court heard and granted plaintiff's motion for summary judgment. On 18 June 2007, the trial court entered a further order awarding fees and expenses necessitated by Plaintiff's Motion to Compel Discovery pursuant to Rule 37 in the amount of four-

thousand three hundred twenty dollars ($4,320.00). Defendant appeals from the trial court's orders of 7 March 2007, which dismissed defendant's counterclaims, and of 26 March 2007, which granted summary judgment for plaintiff.

## II. Order Dismissing Defendant's Counterclaims

Defendant argues that the trial court made an arbitrary decision to impose sanctions, thereby abusing its discretion, because it: (1) failed to consider all the evidence and case law before it, and (2) imposed sanctions based upon "the trial court's personal opinion of one of the officers of defendant corporation that was not formed upon evidence presented to the court[.]" Defendant further argues that even if the decision to impose sanctions was proper, the trial court's choice of dismissal of the counterclaims as a sanction was excessive and not merited by the facts of the case.

### A. Standard of Review

"If a party . . . fails to obey an order to provide or permit discovery . . . a judge of the court in which the action is pending may make such orders in regard to the failure as are just, [including] . . . [a]n order . . . dismissing the action . . . ." N.C. Gen. Stat. § 1A-1, Rule 37(b)(2). "Sanctions under Rule 37 are within the sound discretion of the trial court . . . ." *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). "Before dismissing the action, however, the [trial] court must first consider less severe sanctions." *Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 299, 636 S.E.2d 829, 831 (2006), *disc. review denied*, 361 N.C. 425, 648 S.E.2d 204 (2007).

This Court reviews the trial court's action in granting sanctions pursuant to Rule 37, including dismissal of claims, for abuse of discretion. *Baker*, 180 N.C. App. at 299, 636 S.E.2d at 831. "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision [or was] manifestly unsupported by reason." *Id.* (citations and quotation marks omitted); *see also In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 246, 618 S.E.2d 819, 826 (2005) ("An abuse of discretion may arise if there is no record evidence which indicates that defendant acted improperly, or if the law will not support the conclusion that a discovery violation has occurred."), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006).

## B. Analysis

[1] Defendant specifically contends that at the end of the hearing on 26 February 2007, the trial court "admitted that it did not read the entire case file, that it did not read all the law that was handed up by the parties, and that it did not read the affidavits in support of the [d]efendant." Defendant further contends, citing portions of the transcript, that the trial court rendered its decision after only "a cursory review of a portion of the case file and some of the case law before it, over whatever portion of an hour remained after the court had lunch." Finally defendant quotes these comments from the trial judge as he rendered judgment in open court:

> I get the impression that [Mr. Briggs] insists on, not only doing his business his way, but his way is the only satisfactory way for him, I think, to resolve these Court issues. . . . He's strong willed. But he's—he's imposed his rules, I think, with respect to these discovery issues. And he's adamant about doing it his way. And I think that is now inured to his detriment[.]"

The trial judge's comments during the hearing as to its consideration of the entire case file, evidence and law are not controlling; the written court order as entered is controlling. *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 215, 580 S.E.2d 732, 737 (2003), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004). "A judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment." *Draughon*, 158 N.C. App. at 214, 580 S.E.2d at 737. The order entered on 7 March 2007 states specifically that the trial court "reviewed the pleadings, the Motion, the materials and exhibits presented by the parties, the applicable authorities presented by the parties and . . . fully heard and considered the arguments of counsel for both parties" before making its ruling. Furthermore, the short time which passed between hearing the motion and rendering the order in open court is not *per se* grounds for setting it aside. *See State v. Whitman*, 179 N.C. App. 657, 672, 635 S.E.2d 906, 915-16 (2006) ("[S]hortness of time in deliberating a verdict . . . , in and of itself, simply does not constitute grounds for setting aside a verdict." (Citation and quotation marks omitted.)). Again, the written order is controlling. *Draughon*, 158 N.C. App. at 215, 580 S.E.2d at 737. The motion was heard on 26 February 2007, then the order was executed 28 February 2007 and entered 7 March 2007. Between 26 February and 7 March 2007, the

trial court had ample time to review the evidence and law, as stated in the written order.

Additionally, the order contains twenty-one detailed findings of fact regarding the discovery issues, and none of these findings of fact were assigned as error by defendant. These findings are therefore "presumed to be supported by competent evidence and [are] binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). In fact, defendant does not even argue that the trial court's findings of fact are not supported by the evidence, but only that there was other evidence which was favorable to defendant. Re-weighing evidence presented to the trial court is not appropriate for this Court under an abuse of discretion standard of review. *Hursey*, 121 N.C. App. at 177, 464 S.E.2d at 505.

In regard to the trial judge's comments regarding Mr. Briggs, CEO of defendant, the court's order made no reference to and no findings regarding Mr. Briggs. Even if we were to assume that the trial judge's comments regarding Mr. Briggs were not supported by the evidence, as defendant claims, the comments are irrelevant. According to the written order, the trial judge's comments regarding Mr. Briggs were not a part of the basis for the trial court's ruling. The order did find extensive facts, which are binding on appeal, completely unrelated to Mr. Briggs, to support its conclusions of law. In short, defendant has shown no prejudice arising from these comments, therefore this argument is without merit. *See State v. Wright*, 172 N.C. App. 464, 469, 616 S.E.2d 366, 369 ("A trial judge "must abstain from conduct or language which tends to discredit or prejudice any litigant in his or her courtroom . . . [but] the burden of showing prejudice [is] upon the appellant." (Citations and quotation marks omitted.)), *aff'd per curiam*, 360 N.C. 80, 621 S.E.2d 874 (2005).

[2] Defendant also argues that even if the decision to impose discovery sanctions was appropriate, the choice of dismissal as a sanction was not proper because there was no "clear, willful violation of the discovery rules[.]" We disagree.

The trial court found as fact:

19. . . . Documents clearly responsive to Plaintiff's requests that were required to be produced pursuant to the Discovery Order were not initially produced and then were produced piecemeal by Defendant. This piecemeal production was contrary to the Discovery Order, and was done by Defendant on its own authority, without any approval by the Court.

20. Defendant also undertook a defiant posture with respect to its obligations under the Discovery Order, as reflected in the January 27 letter drafted by Defendant, not Defendant's outside attorneys. Defendant elected to respond to the discovery on its own terms, even though its own terms were inconsistent with the requirements of the Discovery Order.

These findings were supported by the evidence and were not challenged by defendant on appeal.

Even when violation of a discovery order is clear from the record, a trial court is required to consider less severe sanctions before dismissing the action. *Baker*, 180 N.C. App. at 299, 636 S.E.2d at 831. The trial court noted in the order that it had

considered imposing less severe sanctions than the dismissal of the counterclaims of Defendant; however, after considering all possible sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure, the Court concludes that the appropriate remedy in light of the misconduct of Defendant as described [in the findings of fact], is dismissal of the counterclaims in this action. This decision, in the opinion of the Court, when considering all the facts and circumstances, is consistent with and necessitated by the interests of justice in this case and for the administration of justice as a whole.

On this record, we discern no abuse of discretion in the dismissal of defendant's counterclaims as a sanction for failure to comply with a discovery order. This assignment of error is overruled.

### III. Summary Judgment

[3] Defendant next argues that the trial court erred in granting summary judgment to plaintiff because there are "unsolved questions of fact regarding the ownership of the servers, the main issue in plaintiff's claims" and that "defendant's denials, negative averments, and affirmative defenses remain[] of record, raising both factual and legal issues."

### A. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). "With regard to an affirma-

tive defense, summary judgment is appropriate if the movant establishes that the non-movant cannot prevail on at least one of the elements of his affirmative defense." *Bunn Lake Prop. Owner's Ass'n, Inc. v. Setzer,* 149 N.C. App. 289, 294-95 (2002); *Koontz v. City of Winston-Salem,* 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972) ("An issue is material if [*inter alia*] the facts alleged would constitute a legal defense[.]").

"The party moving for summary judgment bears the burden of bringing forth a forecast of evidence which tends to establish that there is no triable issue of material fact." *Inland Constr. Co. v. Cameron Park II, Ltd., LLC,* 181 N.C. App. 573, 576, 640 S.E.2d 415, 418 (2007) (citation and quotation marks omitted).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e). In other words, "[o]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Draughon,* 158 N.C. App. at 212, 580 S.E.2d at 735 (citations and quotation marks omitted). "Further, this Court has held that a defendant's unverified pleadings are insufficient to defeat a motion for summary judgment since they do not comply with the requirements of Rule 56(e)." *Weatherford v. Glassman,* 129 N.C. App. 618, 623, 500 S.E.2d 466, 470 (1998).

"On appeal, an order allowing summary judgment is reviewed *de novo.*" *Howerton v. Arai Helmet, Ltd.,* 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). *De novo* review

> of the grant of a motion for summary judgment requires a two-part analysis of whether, (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.

*Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (citation and quotation marks omitted), *aff'd per curiam*, 353 N.C. 445, 545 S.E.2d 210 (2001).

## B. Affirmative Defenses

Defendant argues that even if dismissal of its counterclaims was proper, the affirmative defenses contained in its answer are still viable in opposition to plaintiff's claim for possession of the servers. Defendant argues that the order dismissing its counterclaims left "three Defenses . . . and two Affirmative Defenses not associated with Counterclaims undeniably of record" and that the "truth and weight of the exhibits attached to the Answer" are also still at issue. Therefore, defendant argues, a genuine issue of material fact remains so that summary judgment was improperly granted in favor of plaintiff. Plaintiff argues that because it established ownership of the servers and defendant failed to establish the elements of any affirmative defenses, the trial court properly granted summary judgment in its favor. We agree with plaintiff.

In order to prevail in its action for return of the servers, plaintiff needed to show that it was entitled to immediate possession of the property. *Young v. Stewart*, 191 N.C. 297, 301, 131 S.E. 735, 737 (1926); *Black's Law Dictionary* 481 (8th ed. 2004) ("A claim in detinue lies at the suit of a person who has an immediate right to the possession of the goods against a person who is in actual possession of them, and who, upon proper demand, fails or refuses to deliver them up without lawful excuse."). In support of its summary judgment motion, plaintiff relied upon its verified complaint as well as affidavits from employees of plaintiff which clearly set forth the facts establishing plaintiff's ownership of the servers, plaintiff's satisfaction of its obligations to defendant under the co-location agreements, defendant's possession of the servers, and defendant's wrongful detention of the servers. On these facts, we conclude that plaintiff met its burden to forecast evidence demonstrating its entitlement to summary judgment. *Draughon*, 158 N.C. App. at 212, 580 S.E.2d at 735.

Plaintiff having met its burden, the burden shifted to defendant "to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Draughon*, 158 N.C. App. at 212, 580 S.E.2d at 735 (citations and quotation marks omitted). Defendant did not contest

plaintiff's ownership of the servers. Defendant argues that "three Defenses . . . and two Affirmative Defenses," in its answer create a genuine issue of material fact, but defendant appears to rely solely on one affirmative defense—a security interest in the servers arising from plaintiff's alleged breach of contract. However, defendant did not forecast any evidence demonstrating specific facts as to its security interest or any other affirmative defense. Defendant did not state before the trial court or in its brief what material facts related to the security interest were in dispute. The record contains a copy of the Co-location Agreement between the parties which would have created a security interest in the servers if plaintiff "fail[ed] to pay . . . or otherwise breach[ed the co-location] Agreement," but defendant did not submit any affidavits or other evidence of plaintiff's failure to pay or another breach of the agreement. In fact, defendant submitted no evidence at all in opposition to the summary judgment motion, but rested on its unverified answer to oppose the motion. This is unavailing. *Glassman*, 129 N.C. App. at 623, 500 S.E.2d at 470. ("[A] defendant's unverified pleadings are insufficient to defeat a motion for summary judgment since they do not comply with the requirements of Rule 56(e).").

We conclude therefore, that plaintiff's evidence tended to establish that there was no genuine issue of material fact as to its ownership and right to immediate possession. Defendant failed to forecast evidence opposing plaintiff's evidence of ownership and right to possession or in support of a security interest in plaintiff's servers. Therefore, this argument is without merit.

C. Ongoing Discovery

**[4]** Defendant also argues that the trial court erred in granting summary judgment "when discovery was still ongoing, before plaintiff had been required to respond to defendant's request for production of documents and denying defendant the same opportunity for discovery as plaintiff[.]" Plaintiff argues that there was no discovery pending at the time summary judgment was granted.

Defendant did not make this argument before the trial court, which ordinarily results in waiver of the argument on appeal. *See State v. Hope*, 189 N.C. App. 309, 318, 657 S.E.2d 909, 914 (2008) ("Where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount on appeal." (Citations, internal brackets and quotation marks omitted.)). Furthermore, we conclude that

even if this issue had been properly preserved for appeal, defendant's argument is without merit.

This Court has held that summary judgment is premature "when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 441, 291 S.E.2d 892, 895, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 369 (1982) (citation and quotation marks omitted). However, the record *sub judice* contains no indication that any discovery procedures which might have led to the production of relevant evidence were still pending when the summary judgment motion was granted. Defendant argued that discovery was pending because plaintiff failed to respond to Defendant's Request for Document Production, but the 7 March 2007 order specifically decrees that "Plaintiff is not required to respond to any discovery by or from defendant relating to the counterclaims, including but not limited to the pending Defendant's *Request to Plaintiff Fayetteville Publishing Company for Document Production*." (Emphasis added.) Defendant quibbles with the wording of the trial court's order, arguing that plaintiff was still required to respond to any requests for documents which did not have to do with the counterclaims. However, we read the trial court's order as negating defendant's entire Request for Document Production. It therefore appears from the record that there was no discovery request from defendant to plaintiff outstanding at the time of entry of summary judgment. Defendant's argument is without merit.

### IV. Conclusion

The trial court's order dismissing defendant's counterclaims for failure to comply with discovery was supported by reason and was therefore not an abuse of discretion. Defendant failed to demonstrate a genuine issue of material fact for trial under Rule 56, so the trial court did not err in granting summary judgment for plaintiff on its claim for possession of the servers. Accordingly, the 7 March 2007 and the 19 April 2007 orders of the trial court are affirmed.

Affirmed.

Judges HUNTER and ELMORE concur.