***********
The Full Commission reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appeal by Plaintiff has shown good grounds to reconsider the proceedings before the Deputy Commissioner. Accordingly, the Full Commission REVERSES the Order of Deputy Commissioner Phillips and upon reconsideration of the evidence imposes discovery sanctions and REMANDS this workers' compensation action for trial upon the merits.
 *********** ISSUE
Whether Plaintiff's workers' compensation claim is subject to dismissal for the failure to produce discovery as ordered by the Deputy Commissioner. *Page 2 
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 25, 2007, Plaintiff was employed by Defendant-Employer as a sales clerk in a convenience store. Plaintiff alleges that while lifting case of merchandise, she felt a sharp pain in her back, which left her unable to stand without intense pain.
2. Plaintiff initially retained Younce Vtipil, P.A. as counsel of record in this workers' compensation claim.
3. On September 28, 2007, Defendants served Plaintiff with Interrogatories and Requests for Production of Documents. Plaintiff contends that she was experiencing a divorce from her spouse and was unavailable to answer the interrogatories. Plaintiff did not file a Motion to extend the time in which to comply with Defendants' discovery requests.
4. In December, 2007, Younce Vtipil, P.A. was granted permission by the Industrial Commission to withdraw as Plaintiff's counsel of record.
5. Subsequently, Defendants filed a Motion to Compel discovery responses.
6. On December 27, 2007, an Order was filed requiring Plaintiff to answer Defendants' discovery requests on or before January 28, 2008.
7. Plaintiff, unrepresented at the time of the December 27, 2007 Order, failed to make discovery. Plaintiff contends that she did not understand the interrogatories and her personal complications rendered her unable to comply with the Order.
8. Defendants filed a Motion to Dismiss on February 5, 2008.
9. Tracey H. Weaver, Executive Secretary of the Industrial Commission, filed an *Page 3 
Order directing Plaintiff to fully respond to Defendants' requests by February 14, 2008.
10. On February 19, 2009, Defendants filed a Second Motion to Dismiss.
11. Plaintiff failed to make discovery and Deputy Commissioner Phillips filed an Order on March 6, 2008 ordering Plaintiff to respond to discovery requests and placing Defendants' Motion on a May, 2008 docket.
12. Plaintiff retained her current counsel of record on April 13, 2008 and Plaintiff's counsel served discovery responses on April 16, 2008.
13. Deputy Commissioner Phillips conducted a hearing on May 28, 2008 at which time Defendants contended that Plaintiff had not made full discovery. An Order was entered providing Plaintiff had made partial discovery and additional discovery responses were to be filed in ten days.
14. Based upon the record and oral arguments of counsel before the Full Commission, it appears that discovery was complete except for medical records related to a potential psychological claim by the Plaintiff.
15. In November, 2008 Plaintiff's counsel of record was hospitalized for a substantial period. Deputy Commissioner Phillips was not aware of the hospitalization.
16. On January 7, 2009, Deputy Commissioner Phillips entered an order dismissing Plaintiff's claim with prejudice for discovery violations.
17. On February 10, 2009, Plaintiff's counsel inquired as to the status of the prior hearing. Plaintiff's counsel of record contends that she learned of the January 7, 2009 Order for the first time on this date.
18. Plaintiff's counsel of record filed a Motion to Reconsider that Deputy Commissioner Phillips denied on March 9, 2009. *Page 4 
19. The documents of record establish that while the Plaintiff failed to make discovery on several occasions following appropriate orders by the Industrial Commission to compel making discovery, Defendant did receive sufficient discovery to prepare to defend all claims except for a potential claim by Plaintiff for psychological injuries. During oral argument before the Full Commission, Plaintiff's counsel stated that Plaintiff would abandon any claim for psychological injuries.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Failure to comply with any Rules of the Commission may subject the violator to any sanctions outlined in Rule 37 of the N.C. Rules of Civil Procedure, including dismissal of the claim with prejudice. The Plaintiff is subject to and shall be sanctioned for failing to comply with Industrial Commission orders to make discovery. NCIC Rule 802.
2. When awarding discovery sanctions, before dismissing the action, the trial court must first consider the least severe sanctions that appropriately punish the discovery violation. Even when violation of a discovery order is clear from the record, a trial court is required to consider less severe sanctions before dismissing the action. Fayetteville Publishing Co. v. AdvancedInternet Technologies, Inc., ___ N.C. App. ___,665 S.E.2d 518 (2008). Having considered all of the sanctions available under Rule 37, the most appropriate sanction is to require Plaintiff's obedience to the orders of the Industrial Commission and preclude Plaintiff from asserting any claim for psychological damages while permitting her to advance her claim for benefits related to her back injury. N.C. Gen. Stat. § 1A-1, Rule 37. *Page 5 
3. Plaintiff has not, upon the record before the Full Commission, complied with producing all psychological medical records. Plaintiff shall release all psychological medical records to the Defendants within twenty-one days of the date of this Interlocutory Opinion and Award or face additional sanctions for discovery violations. NCIC Rule 605.
 ***********
Based upon the following Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The Order of January 7, 2009 is VACATED and Plaintiff's workers' compensation claim is REMANDED to a Deputy Commissioner for a trial upon the merits.
2. As a discovery sanction, Plaintiff is precluded from advancing any claim for benefits under the Act arising from her psychological conditions.
3. Plaintiff shall produce to Defendants all psychological medical records within twenty-one days of the date of this Award to comply with the previous discovery orders. Should Plaintiff fail to produce the records as ordered; the Defendants may seek further sanctions.
4. No costs are taxed at this time.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ LAURA K. MAVRETIC COMMISSIONER *Page 1